*408 The opinion of the court was delivered by -
Tirghman, C. J.
This is an action of debt, for the sum of eleven dollars, brought by the commonwealth of Pennsylvania, against Charles Biddle. The defendant demurred to the declaration, and and the question is, whether the act of assembly, laying .a duty on the retailers of foreign merchandize, passed the 2d of dlpril, 1821, (7 State Laws, 474, and the supplement thereto, passed the 4th of March, 1824, pampb. ed. 32,) are void, because contrary to the constitution of the United States, or of the. state of Pennsylvania. By the first act, every person who shall deal in the selling of any goods, wares, or merchandizes, wines, or distilled liquors, except such as are of the growth, produce, or manufacture, of the United States, (excepting sales made by auctioneers, appointed by law, and by licensed tavern-keepers,) are required to take out a license, for vending such foreign merchandize, or liquors, for which licenses certain duties, spesified in the said act, were to be paid, under the penalty of fifty dollars, to be recovered by indictment. There was an exception, also, in favour of importers of goods, &c. who sold them in the'original cask, case, box, of package, in which they were imported. The supplement abolished the distinction between the importer, and other sellers of foreign merchandize, &c. and took away the indictment for the penalty of fifty dollars, instead of which was substituted an action before an alderman, or justice, for the amount of the duty payable for the license, with the addition of tender cent, thereon; with an appeal from the judgment of the said alderman or justice, provided the person intending to appeal, should first declare, on his oath or affirmation, that he verily believed injustice had been done him, and that the said appeal was not made for the purpose of delay. In the present instance, a suit was brought before an alderman, who gave judgment for the commonwealth, whereupon the defendant appealed to the Court of Common Pleas. The defendant demurred to the declaration in the Common Pleas, and judgment was again rendered for the commonwealth, on which. Judgment a writ of error was brought to this court. It has been contended, that these acts of assembly violated the constitution of the United States, in three respects, — 1. In laying “a duty on imports.” 2. In being inconsistent with the right of congress to regulate commerce among the several states. 3. In interfering with the right of congress, to raise a revenue from duties on imports.
1. By the constitution of th^United States, art. 1, sect. 10. No. 2, u no state shall, without the consent of congress, lay any imposts, or duties, on imports or exports, except what may .be absolutely necessary for executing its inspection laws,” &c. But how the duty in question can be a duty, or impost, on importsr I confess I cannot discover. A duty on imports, is a duty laid upon goods at the time of their being imported, or brought info the United States. But these acts of assembly lay no. duty on- any *409 articles of foreign merchandize, either at the time of their importation, or any other time. A tax is laid on the vendor of such merchandize, not in proportion to the quantity sold, but for the privilege of selling, whether he sell much or little. It is a tax on the occupation or business of selling foreign merchandize. The principal revenue of the United States being derived from imposts, or duties, on imports of foreign merchandize, the constitution has vested the power of laying such duties exclusively in congress; and, to prevent all doubt, the several states are expressly prohibited from the right of imposing them. Had it not been for such prohibition, the states would have retained the right of laying these duties, because it would not have been inconsistent with the power granted to congress. The right of laying excises is given to congress, but the states possess the same power, because they had it originally, and are not prohibited from exercising it by the constitution. But the prohibition must not be carried beyond the plain meaning of the words. It is necessary that the states should have a revenue of their own. All objects, therefore, within their boundaries, are subject to their taxation, unless plainly exempted by the constitution. All trades, and occupations, by which men acquire a livelihood, are objects of taxation. And no two things are more distinct, than a duty on the business of a merchant, who sells foreign merchandize, after it is imported, and a duty on the particular articles which he sells, laid on them at the time of their importation. There can be no doubt, therefore, that the duty in question is in perfect accordance with the constitution of the United States.
2. But, it is alleged to be inconsistent with the rights of congress, £< to regulate commerce among the several states.” I can perceive nothing in this duty, which, so far as concerns this action, can be said in any manner to relate to commerce between the several states. The defendant is resident in this state, nor does it appear that he deals in goods brought from any other states. It is unnecessáry to consider whether qpngress, by virtue of their power to regulate commerce, might authorize citizens of one state to travel through another, and sell their goods without license, because they have never legislated on that subject. ' It cannot be said, therefore, that Pennsylvania has invaded, or interfered with any right of congress. In many of the states, travelling pedlars are required to take out a license. It is so in this state, nor has the validity of the law been questioned in any court of justice. It will be time enough to debate that question, when the duty laid by the state shall come in conflict with an act of congress.
3. The third point made by the counsel for . the defendant is, that this duty interferes with the right of congress, to raise a revenue from duties on imports. But the process by which this argument is supported, is too refined, and too circuitous. Congress, in the first place, lays duties on merchandize imported, without *410 check or control. The revenue arises from these duties. ■ How, then, is the revenue in the right of congress diminished, by a duty laid by the state on the vendor of the imported goods? I think it was made out as follows: — The vendor adds the cost of the license to the price of the goods, which must be paid by the consumer. The increase of price produces a decrease of consumption, in consequence of which,' future imports will be lessened, and thus the revenue diminished. By the same reasoning, the state may be argued out of all right of taxation, because the power of congress to lay taxes is general; and on whatever object the state lays a tax, it may be said to interfere with the right of congress. For instance, congress once laid a tax on carriages, and Pennsylvania did the same. And no doubt many people who would have been able and willing to pay one of the taxes, laid down their carriages, rather than be burthened with both; and thus the revenue of the United States was diminished. Nevertheless, no lawyer ever questioned the legality of the state tax. It was good, because not forbidden by the constitution of the United States. Where the act of a state militates with any power which has been lawfully exercised by congress, there is strong force in the argument, that the constitution has been violated. Such, for example, would be a state law tending immediately to destroy a bank chartered by congress. But an incidental injury, arising from a state law chartering one or more banks of its own, in consequence of which, the profits of the bank ef the United States would be lessened, would be no breach of the constitution, because each government acted within its own jurisdiction. And just so it was in the case under consideration.— Congress laid an impost on the merchandize at the time of importation, and the state of Pennsylvania forbad the sale of it by any person within her territory, without a license, on which she laid a duty. Each power confined itself to its proper orbit, and the act of each was lawful.
4, But, it is said, that the constitution of the stale was infringed, by impairing the trial by jury. The action was brought before a magistrate, who decided without a Jury. But then, the defendant had the right of appeal to the Court of Common Pleas, where he might have a trial by jury. The constitution, therefore, was not broken, as was decided in the case of Emerick v. Harris, Binn. 416. There is no weight in the objection, that the appeal is clogged with the condition of the appellant’s making oath, “that he verily believed injustice had been done him, and that the appeal was not made for the purpose of delay.” This is no more than a wholesome regulation. The object of courts is, to administer justice; and no man has a right to complain, because he is refused an appeal intended for the purpose of delay, or in a case in which he does not think that he has suffered injustice. It might as well be said, that the trial by jury was attacked by a law which should forbid a defendant to put in a dilatory plea, or to plead non esi factum, in an *411 action of debt on a bond, without swearing that he believed the matter of the plea to be true. Laws such as these promote justice, and leave the substance of the trial by jury unimpaired, and that is all which is required by these expressions in the constitution, that “ trial by jury shall be as heretofore.” On the whole, then, I am of opinion, that the acts of assembly did not violate the constitution either of the state, or of the United States; and, therefore, the judgment should be affirmed.
Judgihent affirmed.