PHILLIP T. PURCELL *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *et al.*

MARCH 26, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This case is before us on the original respondent's motion to dismiss the complainant's appeal from a final decree of the superior court denying his claim

of double indemnity under two policies of insurance issued by the respondent on the life of one Mary McGinnity. The complainant, who claims to be the present beneficiary under the policies, brought a bill in equity in which he alleged that the insured "died as the result of an accidental fall in her bedroom," and prayed that the court order the payment to him of double indemnity in accordance with the terms of the policies. The respondent insurance company filed an answer in the nature of a bill of interpleader and joined the administrator of the estate of the deceased, who also made claim to the proceeds of the two policies, as a party respondent. The answer denied that the insured died as the result of an accident and also denied that the respondent company was liable for double indemnity under the provisions of its policies.

The case was heard by a justice of the superior court upon bill, answer and proof. At the end of the hearing, the trial justice found that this complainant was entitled to the proceeds of the policies and that the insurance company was not liable to pay double indemnity under the aforesaid policies. Upon the entry of a final decree to this effect, the complainant appealed to this court and now contends that the failure to award him double damages under each of the said policies was erroneous. The administrator did not claim an appeal from the final decree. No transcript of the oral testimony taken at the trial of the cause was filed with the clerk of the superior court, or allowed by any justice of said court, nor was a request made by the complainant for such a transcript of testimony when this appeal was taken. The respondent company maintains that the complainant is not properly before this court and moves to dismiss the appeal because of the failure by the complainant to file a transcript of the testimony in the cause.

The procedure to be followed in taking an appeal from a final decree of the superior court in an equity cause is found in secs. 25, 26, 27, and 28 of chapter 339, general laws 1923. Section 26 requires that the party taking an appeal shall

"file with the clerk a transcript of the testimony taken orally in the cause, if any, or so much thereof as may be agreed by the parties." The statute then provides for the allowance of the transcript by the justice who heard the cause or by some other justice in his absence. It is admitted that the parties have not agreed to dispense with the transcript or any part thereof.

Counsel for the complainant admits that there is no precedent in this state for his action. He attempts to establish his contention by picking out certain words in secs. 25, 26, and 27 and, irrespective of the context, construing them to mean that the statute does not require the filing of a transcript in every case of an appeal in an equity cause. We will, therefore, indicate in italics the language in these sections upon which he relies. Section 25 provides that the appellant "shall advance the estimated fees of the court stenographer for transcribing such testimony, *as may be required*"; sec. 26 calls for "a transcript of the testimony taken orally in the cause, *if any*," and sec. 27 states that: "Upon an appeal being taken and such transcript of the testimony *as may be required* being allowed," certain other steps shall follow. The statute does not warrant even by implication the construction that the complainant seeks to place upon it. The words in italics do not dispense with the necessity of a transcript where a cause is heard on oral testimony. Their function is to avoid ambiguity in case a hearing is held solely on depositions or other written evidence and to provide for the prosecution of an appeal with less than the entire transcript if the parties so agree.

The complainant further says that he is entirely satisfied with the findings of fact by the trial justice but claims that the court erred in its construction of the double indemnity provision of the policies. He contends that inasmuch as the issue is purely a proposition of law, a transcript of the evidence is not required, as it would be of no assistance to this court in determining the questions raised by the appeal. In support of this claim he cites the case of *Bannon* v.

*Bannon*, 44 R. I. 468. In that case the appellee in a probate appeal moved to dismiss the appellants' bill of exceptions because of the failure to file a transcript of the testimony and to have the same allowed by the trial court. The appellee's motion to dismiss was denied. The decision in the *Bannon* case was governed by the provisions of section 1, chapter 2086, public laws 1921, now sec. 17, chapter 348, general laws 1923, whereas the case at bar is controlled by the requirements of secs. 25, 26, 27, and 28 of chapter 339, G. L. 1923. A review by bill of exceptions in an action at law stands on an entirely different footing from an appeal in a cause in equity. The procedures in these two types of cases have always been separate and distinct from each other. We find no reason to deviate from this well established practice.

In equity causes the necessity for a transcript of the testimony, if any there be, or so much thereof as may be agreed to by the parties, becomes apparent when we stop to consider that in such cases this court, while giving great weight to the findings of fact by the trial justice, is not bound by his findings but will review the testimony itself and usually will dispose of the case finally on the record before it by its own order. Equity suits are not remanded to the superior court for a new trial, except in rare instances and for clear and substantial cause. *Shepard* v. *Springfield F. & M. Ins. Co.*, 42 R. I. 174, 184.

In the case at bar, the complainant is attempting to have a decree of the superior court reversed or modified without bringing before us the evidence upon which the decree is based. In a cause in equity an appeal from a final decree, that is based in whole or in part on oral testimony, cannot be prosecuted in this court without a transcript of the testimony or so much thereof as may be agreed to by the parties, because the appellee has a right to have before us all the evidence or so much thereof as he may consider sufficient to protect his interests in order that he may show from the evidence that the decree was proper, even though some of

the rulings of law upon which it was based might have been erroneous. 4 C. J. 189, § 1793.

The respondent's motion to dismiss is granted, the complainant's appeal is dismissed and the cause is remanded to the superior court for further proceedings.

*Morris E. Yaraus*, for complainant.

*George Hurley, Walter V. Moriarty Walter V. Connly*, for respondent.