## ELIZABETH JILLSON *vs.* WILLIAM T. ROSS.

### JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Workmen's Compensation Act.   Findings of Fact.   Final Decree.   Appeal.*
Art. III, § 6 of Pub. Laws, cap. 831 (Workmen's Compensation Act), provides that the justice of the Superior Court shall decide the merits of the controversy and on his decision a final decree shall be entered and that such decree shall contain findings of fact which in the absence of fraud shall be conclusive. Under Section 7 only questions of law and equity decided adversely to the appellant may be brought up for review upon appeal from final decree:—
*Held*, that the findings of fact which should be contained in the final decree are the conclusions of the justice as to the issuable or ultimate facts of the controversy. Said decree should not include a statement of the evidence or the findings of probative facts from which conclusions are to be drawn as to issuable facts. The determination of the issues whether an injury to a workman resulting in his death arose out of and in the course of his employment are material issues. The determination of each of these issues

is ·a finding of fact, although it may be merely a conclusion deduced from other facts; and these and not the evidentiary facts upon which they are based, are among the findings of fact which are to be placed in the decree.

(2)   *Workmen's Compensation Act.   Findings of Fact.   Appeal.*

Under the Workmen's Compensation Act it is contemplated that the decision of the justice and the final decree shall be based upon evidence and not arbitrarily made.   If the record discloses that a finding of fact is entirely without legal evidence tending to support it, such finding amounts to an error of law and will be reviewed upon appeal and set aside.

(3)   *Workmen's Compensation Act.   Findings of Fact.   Sufficiency of Evidence. Appeal.   Constitutional Law.*

When the Workmen's Compensation Act provides for appeals upon questions of law, it does not refer to the question of the sufficiency of the evidence to support the findings of fact, nor is the court required under the constitution to undertake such a review of said findings.

(4)   *Constitutional Law.   Appellate Jurisdiction of Supreme Court.*

In proceedings under the Workmen's Compensation Act, the legislature in depriving the Supreme Court of the right of review on the facts has not interfered with its constitutional appellate jurisdiction upon all questions of law and equity, but has merely created an exception to the appellate jurisdiction which the legislature itself has prescribed in most other cases, in reviewing the findings of fact.

(5)   *Workmen's Compensation Act.   Findings of Fact by Superior Court Conclusive.*

By the use of the word "conclusive" in Section 6 of said act, the Superior Court has the exclusive final jurisdiction to determine all questions of fact.

(6)   *Workmen's Compensation Act.   Questions of Law.*

Where under said act, the findings of fact involve and are based upon conclusions of law, they may be reviewed on appeal in so far as they involve such questions of law.

(7)   *Workmen's Compensation Act.   Deductions.   Questions of Fact.*

On the issues as to whether the accident arose out of and in the course of the employment of the workman, the facts presented before the justice and the deductions which he may reasonably draw from them constitute legal evidence on the disputed issues, and the deductions to be drawn from the facts are not legal presumptions but are themselves questions of fact properly to be determined by the trier of the facts.

(8)   *Workmen's Compensation Act.   Final Decree.   Written Decision.*

A final decree in a proceeding under the Workmen's Compensation Act should not be reversed because of failure of the justice to file his written decision with the clerk, where at the conclusion of the testimony he orally indicated his conclusion upon the disputed issues and later the final decree was entered containing findings of fact upon each issue, and there is no claim that the

decree is contrary to the findings, and it does not appear that the appellant was prejudiced thereby.

PARKHURST and VINCENT, JJ., dissenting.

PETITION under Workmen's Compensation Act. Heard on appeal of respondent and denied.

SWEETLAND, J. This matter is before us upon the respondent's appeal from a final decree of the Superior Court entered upon a petition filed under the Workmen's Compensation Act, so-called, said act being Chapter 831 of the Public Laws, passed at the January session, 1912.

The petitioner, as the widow and dependent of Reuben O. Jillson, late of Pawtucket, deceased, seeks to recover compensation from the respondent as the employer of said Reuben O. Jillson on account of the death of said Reuben O. Jillson.

The justice of the Superior Court who heard said petition ordered the entry of final decree; which decree in accordance with the provisions of said act contains findings of fact. Among said findings of fact are the following: that said Reuben O. Jillson upon the day of his death was engaged in the employ of the respondent; that while so engaged said Reuben O. Jillson received a personal injury by accident arising out of and in the course of said employment. Said decree further provides for certain payments to be made by the respondent to the petitioner in accordance with said act.

The reasons of appeal of the respondent in substance are that said decree is contrary to law in the following particulars: that said decree is based upon insufficient evidence that the injury and death of said Reuben O. Jillson arose out of and in the course of his employment by the respondent; that said decree is based entirely upon a presumption on the part of said justice that the injury and death of said deceased arose out of and in the course of his said employment; and further that preceding the entry of said decree there was no written decision of said justice of the Superior Court filed with the clerk of said court as by law required.

Said act, Article III, Sec. 6, provides among other things that the justice of the Superior Court to whom a petition filed under the act is referred shall hear the witnesses and decide the merits of the controversy; that on his decision a final decree shall be entered; and that such decree shall contain findings of fact which in the absence of fraud shall be conclusive. Under the provisions of Section 7 of the same article only questions of law and equity decided adversely to the appellant may be brought to this court for review upon an appeal from such final decree.

(1)    The findings of fact which should be contained in the final decree are the conclusions of said justice as to the issuable or ultimate facts of the controversy. It is not intended that said decree shall include a statement of the evidence or the findings of probative facts from which conclusions are to be drawn as to the issuable facts. In proceedings under this statute the questions whether an injury to a workman, resulting in his death, arose out of and in the course of his employment are material issues in the case. It must frequently happen that these questions can be determined only by inferences reasonably to be drawn from other facts directly proved. The determination of each of these issues is a finding of fact within the meaning of the statute, although it may be merely a conclusion deduced from other facts; and these and not the evidentiary facts upon which they are based, are among the findings of fact which are to be placed in the decree by the requirement of the statute.

The final decree in the case at bar does contain the findings that the injury which resulted in the death of the deceased arose out of and in the course of his employment by the respondent. Although the statute provides that such findings contained in the final decree shall be conclusive, in the absence of fraud, and does not provide for an appeal upon questions of fact, yet the respondent claims that said findings contained in the final decree are based upon presumptions and not upon sufficient evidence, and that hence

said findings constitute errors of law, and are proper subjects of appeal.

The general purpose of said act is to make compensation for the numerous accidents and injuries to workmen, which under present conditions occur in industrial enterprises, a part of the cost of production. It seeks to do this in accordance with a carefully regulated scheme disregarding many of the principles of the common law which formerly affected actions to recover compensation for such injuries. We also see the intention of the legislature to provide that litigation under this act shall proceed to a final determination without unreasonable delay. In this State, as in other jurisdictions, vexatious delays in reaching the conclusion of an action at law have arisen, both from the crowded condition of the jury trial calendars and also from the delays incident to bringing the case before the appellate court for a review of the jury's findings of fact. The administration of the Workmen's Compensation Act in this State is given to the Superior Court. Regardless of the amount involved, original jurisdiction of petitions brought under the act is conferred upon the Superior Court; there are several provisions in the act giving to petitions brought under it precedence over other causes in respect to assignment and hearing; and it is provided that without the intervention of a jury, or a board of arbitration, the evidence shall be presented directly to a justice of the Superior Court for his decision; the justices of which court have special training and wide experience as triers of fact. Further, the decision of said justice on questions of fact shall be conclusive. In these provisions appears the intention of the General Assembly to avoid the delays of a jury trial and the delays of appellate proceedings with reference to the weight and sufficiency of evidence, and to speed the cause in the Superior Court to a final determination of the facts involved, leaving only questions of law and equity to be brought before us upon appeal.

In a number of the states of the Union, under the provisions of statutes somewhat similar to our own, the determination of questions of fact is referred to certain boards or commissions, created by said statutes. These boards have different titles in different states, viz.: a board of award, industrial accident board, board of arbitration, committee of arbitration and other names. The provisions are also somewhat common in those statutes that findings of fact by such a board shall be final, and that upon appeal a review of the proceedings of such boards shall be limited to questions of law. In the construction of such statutory provisions, courts of last resort in the various states have generally held that a finding of fact, although declared conclusive by the statute, will not be upheld if there is no evidence to support it. Under the Rhode Island Workmen's Compensation Act it is contemplated that the decision of the justice of the Superior Court and the decree of that court shall be based upon evidence and not arbitrarily made. If the record discloses that a finding of fact is entirely without legal evidence tending to support it, such finding amounts to an error of law and will be reviewed by this court upon appeal and set aside.

The respondent in the case at bar asks this court to go farther, to consider the evidence given before the justice of the Superior Court and to pass upon its sufficiency. His claim is that the evidence is insufficient to support the finding, that while the said Reuben O. Jillson was engaged in the employ of the defendant he received a personal injury by accident arising out of and in the course of said employment. By "insufficient evidence" the respondent means that the finding is contrary to the evidence or against the weight of evidence. If in support of an issue there is any evidence which might satisfy a rational mind, then there is legal evidence supporting such issue. The questions as to the sufficiency of such legal evidence, and where lies the fair preponderance of the evidence on such issue are questions of fact and not of law. In trials by jury the questions

of the weight and the preponderance of the evidence, and hence, in the sense in which the term is here used, the sufficiency of the evidence is submitted to the jury. It cannot be urged that thereby questions of law are presented to the jury for their determination. If, in appeals under the Workmen's Compensation Act, we should enter upon the consideration of such questions, in our opinion we should (3) defeat the plain intention of the legislature. In view of its other provisions we hold that when the act provides for appeals to this court upon questions of law, such provision does not refer to the question of the sufficiency of the evidence to support the findings of fact. Nor do we think that the provisions of the Rhode Island constitution require us to undertake such a review of said findings of the Superior Court made under said act.

Under the amendments to the constitution this court is given final revisory and appellate jurisdiction upon all questions of law and equity. This, however, is not the extent of its jurisdiction; it also has "such other jurisdiction as may, from time to time, be prescribed by law." The fact that this court does in many cases review the determination of the Superior Court upon the weight and sufficiency of evidence is not proper basis for the argument that the Workmen's Compensation Act is unconstitutional in the provision that in petitions under the act the findings of fact by the Superior Court shall be conclusive; nor does it follow from that fact that our refusal in this case to pass upon the sufficiency of the evidence is a disregard of our constitutional appellate jurisdiction. We pass upon the sufficiency of the evidence in many cases, not under the final revisory and appellate jurisdiction upon all questions of law and equity given this court by the constitution, but by reason of the jurisdiction prescribed by the General Assembly in the statutes regulating judicial procedure.

In cases tried in the Superior Court with a jury, if there is any legal evidence supporting the issues, the justice presiding must refer the determination of the sufficiency of

the evidence, as a question of fact, to the jury. On motion for a new trial after verdict, the Superior Court may pass upon the sufficiency of the evidence as bearing upon the justness of the verdict, not as a question of law, but of fact; for if its decision is against the verdict, as being contrary to the evidence, it cannot enter a judgment settling the case, but can only grant a new trial before another jury. The statute permits a review before this court of the Superior Court's decision on the motion for a new trial; and we may consider and pass upon the weight of the evidence. Unless we find that there is no legal evidence to support the verdict we cannot order judgment in the case, but, if we disapprove of the verdict as contrary to the evidence, we must send the case back to the Superior Court with direction to submit the question of the sufficiency of the evidence, as a question of fact, to another jury. So in an ordinary case heard on its merits before a justice of the Superior Court, without a jury, the findings of fact and the question as to the preponderance of evidence may be brought before us on exception to the decision of said justice; and in an equity cause the decision of the Superior Court upon the facts may be reviewed by us (4) on appeal from the final decree, but in each of these instances the review before us upon the facts is only by reason of the statute. In proceedings under the Workmen's Compensation Act the General Assembly, for reasons satisfactory to it, has seen fit to deprive this court of that jurisdiction. It has not thereby attempted to interfere with our constitutional appellate jurisdiction, but has merely created an exception to the appellate jurisdiction which the General Assembly itself has prescribed for this court in most other cases.

We are of the opinion that the word "conclusive," contained in the provision of the act now under consideration, should have the construction usually given to it when the word is used with reference to appellate proceedings. It is undoubtedly so used in this provision and has reference to the possibility of a claim of appeal to this court. By its use

the General Assembly intended to shut off any further proceedings with regard to the facts of the case and to give to the Superior Court the exclusive final jurisdiction to determine all such questions. In this connection it should have the same construction as was given by this court to the word "final" in the statutory provisions relating to a decision rendered upon an auditor's report. *Blanding* v. *Sayles*, 21 R. I. 211; *Blanding* v. *Sayles*, 23 R. I. 226.

In petitions brought under this act the findings by the Superior Court of the ultimate facts of the controversy, in many instances, will involve and be based upon conclusions of law, as for instance in regard to the legal effect of the terms of a contract, the validity of an alleged marriage, and concerning many other legal questions that may arise under these petitions. In a broad sense such findings are findings of fact, and although the act provides that they shall be conclusive, nevertheless they may be reviewed by this court upon appeal in so far as they involve the determination of such questions of law. In the case at bar the findings as to whether the injury and death of Reuben O. Jillson arose out of and in the course of his said employment involved the consideration of no such question of law.

There was legal evidence presented before said justice relating to the questions involved in the disputed findings. There was evidence as to the nature of the employment of the petitioner's deceased husband by the respondent, of the task which the deceased was sent to perform just before the accident, and of what he was doing just before and at the time of his injury. The deceased was employed by the respondent about the respondent's business of harvesting ice upon a certain pond in the town of Lincoln. On the morning of the day of his death the deceased was sent by the respondent to said pond with directions to remain there until three o'clock in the afternoon, and to prevent all persons from cutting holes and fishing through the ice on the central portion of said pond. He was not directed as to how he should perform that duty or at what place on said

pond or its shores he should station himself. It cannot be said to be an unreasonable performance of his duty for the deceased to patrol the pond or its shores. At about noon while the deceased was alone in the center of the pond the ice on which he was walking broke and he was precipitated (7) into the water and drowned. These facts and the deductions which may reasonably be drawn from them constitute legal evidence upon the disputed issues. The deductions to be drawn from these facts are not legal presumptions, but are themselves questions of fact properly to be determined by the trier of the facts; nor can the conclusion from these facts that the death of the deceased arose out of and in the course of his employment be termed mere conjecture; there was ample data to admit of such conclusion as a reasonable inference from the evidence if the justice hearing all the testimony felt warranted in drawing such conclusion or deduction. We do find that there was presented before said justice legal evidence in support of the plaintiff's contention on said issues. We would not be understood from this discussion as passing upon the sufficiency of that evidence, for that question does not come before us upon appeal.

We are of the opinion that the final decree of the Superior (8) Court should not be reversed or modified because of the failure of said justice to file his written decision with the clerk of said court. At the conclusion of the testimony he orally indicated his conclusion upon the disputed issues; later the final decree was entered containing findings of fact upon each issue in the case. The reason for the requirement that the justice hearing the cause shall file his written decision appears to be one of convenience, in order to have as a part of the record the conclusions of the justice, in accordance with which the final decree may be drafted by the parties. In this case the same justice who heard the evidence ordered the entry of the final decree; and there is no claim made that the recitals in the decree are contrary to the findings of said justice. While this provision of the act makes it the duty of the justice hearing the cause to file such

written decision, we are of the opinion that his failure to do so should not be charged against the appellee and the decree reversed therefor, unless it is made to appear that the appellant has been prejudiced by such failure. In the case at bar no attempt has been made to show such prejudice.

The appeal of the respondent is denied. The final decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

BAKER, J., concurs in the result.

VINCENT, J., dissenting. This is a proceeding under Chapter 831 of the Public Laws of 1912, known as the Workmen's Compensation Act. The petitioner is the widow and dependent of Reuben O. Jillson and seeks to recover, under the terms of said act, compensation for the loss of her husband who was drowned in Stump Hill Pond, in the town of Lincoln, on the 30th day of January, 1914. He was an employee of the respondent.

The issues raised by the respondent's answer to the petition are (1) whether the death "arose out of the employment" and (2) whether the death occurred in the course of the employment.

The hearing on said petition in the Superior Court resulted in findings of fact that Reuben O. Jillson, upon the day of his death, was in the employ of the respondent and that while so engaged he received personal injuries arising out of and in the course of his employment, and a decree was duly entered embracing such findings.

From this decree the respondent claimed an appeal to this court upon all questions of law or equity decided adversely to him thereby. This appeal brings to us two questions for consideration: (1) Was there any evidence and (2) Was there any sufficient evidence that the death of Jillson either arose out of his employment or in the course of his employment?

The majority opinion holds that the sufficiency of the evidence supporting the findings of the Superior Court cannot be inquired into by this court on appeal and that this

court has no revisory power under the statute unless the record discloses that the findings of fact are entirely without evidence to support them, in which case the findings would amount to an error of law and would be reviewed by this court, upon appeal, and set aside.

This deduction is based upon Section 6 of Chapter 831 of the compensation act which, in reference to the decree of the Superior Court embracing findings of fact, says: "Such decree shall contain findings of fact, which, in the absence of fraud, shall be conclusive."

I cannot give to this portion of the statute the extremely broad, comprehensive and extended meaning which the majority opinion confers upon it. I do not think that it was the intention of the General Assembly, in making use of the language quoted, to abridge the power of this court in the consideration of any question of law which might arise in the Superior Court and be properly brought before us on appeal. I do not think that there was any intention on the part of the General Assembly to establish a different rule in cases of this character, so far as this court is concerned, from that which obtains in the trial of other cases where this court inquires into and determines not only as to the existence, but as to the sufficiency of evidence in support of the conclusions reached by the court below. The questions as to whether the employee sustains injury as a result of and in the course of his employment are undoubtedly questions of fact, but the questions as to whether the findings of the court are supported by any evidence or by sufficient evidence are questions of law. *In re Nickerson,* 105 N. E. 604; *In re Buckley,* 105 N. E. 979. In the case of *Gane* v. *Norton Hill Colliery Company,* 2 B. W. C. C. 42, it was held that the inference to be drawn from facts, either found or admitted, was a question of law to be reviewed by the appellate court.

These questions being questions of law, the denial of this court to entertain an appeal from the decree of the Superior Court, in which this court is asked to determine whether or not there is any evidence or any sufficient evidence to sup-

port or warrant the findings upon which the decree is based, is in conflict with Section 1 of Article XII of the Amendment to the Constitution of Rhode Island adopted in November, 1903, which says that, "The Supreme Court shall have final revisory and appellate jurisdiction upon all questions of law and equity."

The primary error, in the majority opinion, arises, as it seems to me, from the conclusion that the question as to the sufficiency of the evidence is one of fact and not of law.

The Workmen's Compensation Act, so-called, evinces an intent on the part of the General Assembly to speed, in the Superior Court, the determination of cases of this character for the welfare of those who may be entitled to its benefits. But the act contains nothing from which it can be fairly reasoned that it was the intention of the General Assembly to further accelerate the petitioner's case by taking away from the respondent his appellate rights. Because the General Assembly has seen fit to hasten these matters in the Superior Court, we are not justified in assuming or inferring that it was also its intention to take from the respondent his rights in this court, on appeal, in the absence of any specific language signifying such intent. The provisions of law in ejectment cases require such cases to be speeded in the Superior Court without attempting in any way to interfere with or restrict proceedings in this court on appeal. I see no difference, in respect to appellate proceedings, between this case and other cases which come before us and in which we consider both the existence of evidence and its sufficiency. The word conclusive as used in the act should, in my opinion, be construed to mean that the findings of the Superior Court are final on the facts, but are not final upon the questions of law as to whether such findings are warranted by the evidence.

This is the view taken by the Massachusetts Court in the cases of *Nickerson* and *Buckley* cited, *supra*. They hold that the decision of the Industrial Accident Board is final upon the facts, but that the case may be reviewed in the Supreme

Judicial Court, on appeal, for the purpose of determining, as a matter of law, whether or not there is evidence or sufficient evidence to sustain the finding, and the *Cane* case, *supra*, holds that the inference drawn by the lower court from the facts is a question of law subject to review.

The act itself—Section 7, Chapter 831—provides that "Any person aggrieved by the final decree of the Superior Court . . . may appeal to the Supreme Court upon any question of law or equity decided adversely to the appellant by said final decree." This provision shows that it was not the intention of the General Assembly that any question of law should be concluded in the Superior Court, but that the respondent should have his right of appeal thereon, which is guaranteed to him by the constitution of the State.

It is difficult to understand upon what theory an entire lack of evidence constitutes a question of law; and the sufficiency of the evidence, or the inference to be drawn from the evidence, remain questions of fact. If we give to the word "conclusive," as employed in the statute, the meaning of absolute finality as claimed for it, closing the door upon all consideration on appeal as to the sufficiency of evidence in support of the finding, or as to the inferences to be drawn from the evidence, we furnish a way through which a great injustice may be suffered by a respondent. To say that nothing but the entire absence of evidence, in support of a finding, can be considered by this court on appeal, is equivalent to saying that any evidence, no matter how trivial or inconsequential it may be, will be sufficient to debar this court from any exercise of its revisory powers. Take for example a case in which one witness testifies in behalf of the petitioner, relative to some fact upon which a finding is subsequently based, and the record shows upon careful examination that such testimony must have been hearsay, while on the other hand, the respondent produces a number of intelligent and reliable witnesses who positively controvert the testimony of a hearsay character. Under these conditions and circumstances, an adherence to the rule under

discussion would render this court powerless to entertain an appeal and afford relief. It does not seem to me that the General Assembly ever intended to make possible such a situation. The correctness of the views heretofore expressed can be no better illustrated perhaps than by the case at bar.

The act provides for a recovery of compensation where the employee sustains an accident arising out of and in the course of his employment. In the present case Jillson was an employee of the defendant, and prior to the day of the accident had been engaged with other workmen in cutting ice at the Stump Hill Pond. By reason of a rise in temperature it was not feasible to proceed with that work on the day of the accident. Jillson was sent to the pond to gather up the tools around the ice house on the shore of the pond and secure them until such time as they would again be needed. It was also a part of his duty to order away any person or persons who might be found fishing through the ice upon a certain prescribed area of the pond from which ice was to be harvested. It appeared from the evidence that people were permitted to fish upon certain other portions of the pond which were quite remote from the place where Jillson would be engaged in gathering up and caring for the tools. Under the act the burden was upon the plaintiff to show that the accident arose out of and in the course of her husband's employment. The drowning occurred in a portion of the pond about half a mile from the tool house where he collected and stored the tools. It is argued that he may have been traversing the pond with a view to ordering away some person or persons whom he observed fishing within the forbidden area. This is a pure conjecture and is entirely unsupported by any testimony. Not only is there nothing in the evidence tending to show the presence of any person upon the pond calling for the exercise of his authority, but there is evidence that at the time no person was fishing, or attempting to fish there, except in the distant localities where fishing was permitted. The burden of proof imposed

upon the plaintiff by the act is not sustained, and the finding of the Superior Court, that the accident arose out of and in the course of the employment, is a mere speculation, besides being out of harmony with that portion of the· testimony, affirmative in character, to the effect that there was no duty for Jillson to perform at the time · and in the place where he met with his accident   There is no reasonable inference that can be drawn from the testimony that the accident happened under conditions that would entitle the petitioner to compensation and any finding that Jillson's accident arose out of and in the course of his employment has no other basis than conjecture.   The fact that the accident to Jillson occurred during the working hours of the day does not furnish any evidence to sustain the burden of proof, which is upon the petitioner to show that such accident arose out of and in the course of the employment.   That the accident may have so occurred is not sufficient.   The proof must go further and show that it did so occur.   *Craske* v. *Wigan* (1909), 2 K. B. 635; *Pomfret* v. *Lancashire &c. R'y. Co.*, 2 K. B. (1903), 718; *In re McNicol's Case*, 215 Mass. 497; *Reed* v. *Great Western R'y.*, 2 B. W. C. C. 109; *Cronin* v. *Silver*, 4 B. W. C. C. 221; *Charvil* v. *Manser*, 5 B. W. C. C. 385; *Lynch* v. *Railway Co.*, 133 S. W. 522.   The similarity, not to say identity, of the English Statute to and with our own compensation act renders all of the English cases cited especially valuable in the consideration of these questions.

I think that this court should proceed to consider the questions (1) Is there any evidence.   (2) Is there any sufficient evidence to support the findings, and that the decree of the Superior Court should be reversed on both grounds.

*James J. McCabe*, for petitioner.
*Boss & Barnefield*, for respondent.