ATLANTIC RAYON CORPORATION *vs.* CAROLINE MACEDO.

JULY 11, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a petition for review of a compensation agreement entered into between the parties in accordance with the workmen's compensation act, general laws 1938, chapter 300. It was brought by the employer to have its liability under such agreement terminated on the ground that the respondent employee was no longer suffering any incapacity caused by the accident. After a hearing in the superior court, a decree was entered which, among other facts, found: "That the respondent is not now suffering from any disability which was caused by the accident of April 23, 1943", and accordingly adjudged that the liability of the petitioner and its insurance carrier to pay compensation to the respondent under the preliminary agreement in accordance with the act was terminated.

The matter is before us on the respondent's appeal from that decree.

It is undisputed that the respondent employee was injured on April 23, 1943 by accident arising out of and in the course of her employment by the petitioner. Thereafter a preliminary agreement was entered into between the parties on June 11, 1943 and was duly filed with and approved by the director of labor in accordance with the act. This agreement provided for payments of compensation to the respondent in the sum of $19.45 weekly based on her average weekly wage of $32.43. Such compensation was to commence May 23, 1943 and be paid for the duration of total incapacity or until otherwise terminated in accordance with the act. The agreement further provided: "That all reasonable bills for hospital and medical service and for necessary medicines shall be paid as provided in Article II, Section 5 of the 'Workmen's Compensation Act' ".

Payments of compensation thereunder have been duly made by the petitioner. However, as the hearing was about to commence in the superior court, the respondent's attorney in argument there urged in effect that the petitioner had not paid certain medical bills for services to the respondent; that bills for such services were part of the compensation agreement under the act; and that, since the proceedings followed the course of equity, the petitioner being in default was coming into equity with unclean hands. The trial justice, however, permitted the hearing to proceed over the respondent's objection, and this is the first ground of error urged by her appeal.

There is no question but that reasonable bills for medical and hospital services are to be treated as a part of compensation. *Harding* v. *Imperial Printing & Finishing Co.*, 45 R. I. 390. But the agreement here did not specify any particular bill for such services or any amount thereof that the petitioner was bound to pay. It provided only for payment of reasonable bills for medical and hospital

services. No such bills had been presented by the respondent to the petitioner for payment and none had been passed upon or ordered as reasonable by the director of labor or by any court. There was no evidence at the time of the motion, and none was produced at the hearing, that the petitioner had refused to pay any bills for such services that were reasonably connected with the respondent's incapacity as caused by the accident and as contemplated in the agreement.

■ The petitioner contended that in the circumstances it was entitled to be heard on the reasonableness of the services or the amounts of the bills before it could be held in default so as to preclude it from the right to be heard upon such a petition for review. In our opinion the evidence and circumstances are far different from those which appeared in cases like *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194, and *Brown & Sharpe Mfg. Co.* v. *Giacoppa*, 69 R. I. 378, where the employer was in default of payment of a specific amount of compensation as ordered in an approved agreement or decree of court. Whether a bill for medical services is reasonable is ordinarily a question of fact to be determined upon the particular evidence in a given case. We find nothing in the transcript to warrant the conclusion that the petitioner had violated the terms of the compensation agreement so as to deprive it of a hearing in the superior court upon the questions pertinent to its petition for review.

■ The respondent further complains of the allowance of testimony in answer to certain alleged hypothetical questions. She contends that the questions do not contain all the essential evidence upon which an opinion could be based and that they contained some statements that misconceived the evidence. In our opinion they were not strictly hypothetical questions calling for an opinion. They were addressed to one of the respondent's doctors and called for answers based on his own observation of or directions to her. The purpose was perhaps to eliminate any reason-

able medical bases for certain conduct of the respondent, in view of her claim that it was necessitated by her condition; but they were not hypothetical questions in the true sense. In any event even if such questions were erroneous, we find no prejudicial error because the decision of the trial justice was not based upon any finding that involved the information elicited by them.

■ In her final contention the respondent recognizes the established law that this court will not, in the absence of fraud, review findings of fact that are based upon legal evidence. *Jillson* v. *Ross,* 38 R. I. 145; *Barker* v. *Narragansett Racing Ass'n.,* 65 R. I. 489. In her argument, however, it would appear that respondent is relying on the fact that "Dr. Horan's testimony does not create a preponderance of evidence in favor of the petitioner." This argument is not open to the respondent. The weight of the evidence is not before us on an appeal under the workmen's compensation act. We examine the evidence merely to find whether there is legal evidence to support the findings of fact.

■ The trial justice pointed out in his decision that the evidence was conflicting as to the respondent's condition and the causal relation between it and the accident; and that he relied on the testimony of Dr. Horan, an orthopedic specialist, who had made extensive examinations, studies and diagnoses of the respondent's condition. In this he was aided by reports from other specialists in order to obtain confirmation of his own elimination of certain possible contributing factors to her condition. Doctor Horan's testimony, in our opinion, is open fairly to the inference drawn by the trial justice that there was no organic or other objective basis for the respondent's complaints, so far as they were or could reasonably be related to the accident; and that her complaints of pain were entirely subjective and were not caused by any trauma or other condition connected with the accident. There was medical and other testimony to the contrary in behalf of the respondent but, in the absence of fraud, the trial justice's findings upon

conflicting evidence are conclusive under the act, G. L. 1938, chap. 300, art. III, §6.   *Bernier* v. *Narragansett Electric Co.*, 56 R. I. 438.

The appeal of the respondent is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

Moss, J., did not participate in the decision.

*Henry M. Boss, Francis W. Conlan,* for petitioner.

*Frank W. Golemba,* for respondent.