58

FANNING & DOORLEY CONSTRUCTION CO., INC. *vs.*
JOSEPH CARVAHLO.
FANNING & DOORLEY CONSTRUCTION CO., INC. VS. SAME.
APRIL 7, 1955.
PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition in each case to adjudge his employer in contempt for refusing to pay him compensation in accordance with an agreement entered into under the workmen's compensation act. General laws 1938, chapter 300. After the petitions were heard together in the superior court the trial justice found the employer guilty, but not in all respects as alleged in the petitions. From the final decree entered in each case each party has appealed and the cases are here on such appeals.

Their reasons of appeal are identical. Each claims that the decrees are against the law and the evidence. The controversy between them as to the law concerns the construction of public laws 1949, chap. 2274, and whether the recent case of *Martin's Furniture Co.* v. *Perry*, 79 R. I. 199, construing such chapter is applicable to the facts here. The evidence is undisputed. It consists of the records and papers in each case supplemented by statements of counsel. There is no testimony in the transcript, none having been taken at the hearing in the superior court.

The facts upon which the trial justice based the findings and orders in each decree are as follows. After Joseph Carvahlo, hereinafter called the employee, was disabled by an injury on November 5, 1951 arising out of and in the course of his employment with Fanning & Doorley Construction Co., Inc., hereinafter called the employer, he entered into an agreement with the employer, approved by the director

of labor December 11, 1951, wherein it agreed to pay him weekly compensation of $28 for total disability. It was further agreed therein that such compensation was to continue for the duration of total disability or until it was terminated in accordance with the provisions of the act. After June 30, 1953 the employer ceased making the payments provided for in the agreement and claimed it was no longer obligated to do so because of certain petitions which it had filed.

On May 25, 1953 it filed in the office of the director of labor a petition to review the agreement on the ground that the employee's disability had ended. The director granted the petition June 30, 1953 and ordered that compensation be suspended as of that date. However, on July 7, 1953 the employee duly appealed to the superior court. Notwithstanding such appeal the employer refused to resume making payments.

On July 9, 1953 while that appeal was pending in the superior court the employer filed a second petition for review of the agreement. Such petition alleged that the employee was earning wages equal to or in excess of those he was earning at the time of his injury, and it was accompanied by a transcript of wages signed by the employer's office manager. It appears that the employee voluntarily returned to his employment May 27, 1953, two days after the employer filed its first petition for review. It further appears that he worked continuously thereafter until he was laid off December 18, 1953 on account of the seasonal nature of his employment.

On September 30, 1953 the director granted this second petition for review and reaffirmed his order of suspension of compensation effective as of the date of filing of the petition, July 9, 1953. The employee duly appealed to the superior court on October 6, 1953. Notwithstanding such appeal the employer claimed the right to suspend compensation until final determination of its petition. It based this claim on P. L. 1949, chap. 2274, which it construed as

authorizing an employer to suspend compensation, irrespective of any order therefor upon filing a petition for review accompanied by a signed wage transcript and alleging that the employee is earning an average weekly wage equal to or in excess of that which he was earning at the time of his injury.

On October 14, 1953 while its first and second petitions were pending on appeal in the superior court and before they were heard, the employer filed a third petition for review accompanied as in the second petition by a wage transcript signed by its office manager. At the time of the hearing in the superior court on the instant petitions to adjudge the employer in contempt this third petition for review was still pending in the office of the director of labor.

We are concerned only with the employer's first and second petitions and the employee's appeals from the orders of suspension of compensation payments entered therein. As to his appeal from the first order, the employee contends that it vacated such order and as a result the employer remained obligated to make payments from June 30, 1953. He therefore argues that the employer, in refusing to make payments thereafter, was in default when he filed his second petition for review on July 9, 1953. As to his appeal from the order entered on that petition, the employee contends that the employer did not comply with the express provision of chapter 2274 which requires the transcript of wages accompanying the petition to be signed "by the treasurer of the employer, or his equivalent," and therefore the employer was not entitled to the benefit of the chapter. He further contends that in any event the suspension of payments was vacated by his appeal. In support of such contention he relies on *Martin's Furniture Co.* v. *Perry, supra.*

The employer concedes that the employee's appeal from the first order vacated the order of suspension. But it claims that at the hearing in the superior court it tendered the amounts due to the employee's counsel who refused them and that the time for resuming payments should start

from the time the employee filed his appeal and not relate back to the date of the director's order. As to the appeal from the second order, it contends that under P. L. 1949, chap. 2274, the suspension of payments is not affected thereby but remains in full force, and that the *Martin's Furniture Co.* case, *supra,* is not applicable to the facts here. And a further contention is that it has substantially complied with the provisions of that chapter by accompanying the petition for review with a wage transcript, signed by its office manager, claiming he is the "equivalent" of its treasurer.

The trial justice rejected the employer's contentions as to the first appeal and adjudged it in contempt for not resuming payments as of July 1, 1953. He also inferentially rejected its contentions as to the effect of the second appeal but refused to adjudge it in contempt for the period from July 9 to December 18, 1953, after the second petition for review was filed and while the employee was earning full wages, because to do so in such circumstances would be "unconscionable and inequitable * * *." However, he adjudged it in contempt for the period from December 19, 1953 to the date of the decree, a time when the employee was no longer working.

We are of the opinion that the trial justice did not err in adjudging the employer in contempt after the first appeal had been duly filed. And we are also of the opinion that such adjudication was decisive of all other questions raised in the petitions before him. After that appeal was filed the employer was in default of its obligation under the agreement to pay compensation, and while such default continued it was not entitled to obtain any relief. Before seeking the aid of the court under the provisions of P. L. 1949, chap. 2274, it was its clear duty to reinstate itself in good standing by paying whatever amount was due.

Instead of doing so the employer persisted in its own interpretation of the law and refused to tender any payment until the employee was forced to resort to a petition to

adjudge it in contempt. In this respect its attitude is basically no different from that of the employer in *Brown & Sharpe Mfg. Co.* v. *Giacoppa,* 69 R. I. 378. Since that case has not been overruled or modified by this court nor its effect nullified or altered by any subsequent statute, we are bound to follow it unless some new and cogent reason is presented now for overruling it. No such reason is advanced here.

Assuming without deciding that the signature of the employer's office manager was in the circumstances here the equivalent of the signature of its treasurer within the reasonable intendment of the statute, nevertheless on this record the order of suspension which was reaffirmed by the director and the suspension by the employer itself, when it filed its second petition, were vacated by the filing of the employee's appeal on October 6, 1953. In this connection the construction given to chapter 2274 in *Martin's Furniture Co.* v. *Perry, supra,* clearly governs the instant cases. In that case we expressly held, at page 204, "that *any suspension of payments of compensation* permitted by the department of labor under the provisions of that chapter were intended to be temporary and to operate only during the period that the petition for review was pending before the department of labor, and that such suspension was not intended to remain effective thereafter if an appeal to the superior court was taken from the decision of the director of labor on the petition to review." (italics supplied)

There is no merit in the employer's contention that such chapter should be differently construed where, as here, the petition for review alleges that the employee is earning an average weekly wage equal to or in excess of what he was earning at the time of his injury and where the petition is accompanied by a signed wage transcript. That contention overlooks or misconceives the point of our decision in the *Martin's Furniture Co.* case, *supra,* which is to be found in the following language at page 204: "In the statute such suspension is limited to the words 'pending hearing as here-

inafter provided.' Nowhere is this limitation related express-
ly or by implication to either a hearing on the petition for
review in the superior court or a final determination of an
appeal by this court. On the contrary the context in several
places makes it expressly clear that the hearing on the peti-
tion then being considered was the hearing on the petition
for review which was pending before the director of labor."

The trial justice did not err in holding the employer in
contempt, but he did err in absolving it from such contempt
during the period from July 9 to December 18, 1953. At
that time it was still bound by the agreement and was not
in good standing to ask the superior court to grant it relief
therefrom. The failure of the employer to perform its obli-
gation thereunder precluded that court from granting such
relief. Any hardship resulting to the employer thus springs
from its own neglect or refusal to comply with the terms of
the agreement which, as we have repeatedly held, has the
force and effect of a decree. The statute expressly provides
a means of obtaining relief from such an agreement and
only in that way may it be validly suspended or terminated.
We are not at liberty by construction of the statute to ap-
prove a different remedy.

In each case the employer's appeal is denied and dismissed,
the employee's appeal is sustained, and the decree appealed
from is reversed in part. The parties may on April 18, 1955
present to this court for approval a form of decree in each
case, in accordance with this opinion, for entry by the
workmen's compensation commission.

*Higgins & McCabe, John H. Slattery,* for employer.

*Timothy J. McCarthy,* for employee.