Elwin E. McCoy *vs.* Paul Cataldo *et al. d.b.a.*
Admiral Inn.
Elwin E. McCoy *vs.* Paul Cataldo *et al. d.b.a.*
Admiral Inn.

February 12, 1959.

Present: Condon, C.J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. These two petitions were heard together before the workmen's compensation commission. The first case, Equity No. 2727, is a petition to exceed the medical maximum under general laws 1956, §28-33-5. The second case, Equity No. 2728, is an original petition for compensation and medical expenses under §28-35-12. From a decree of the full commission in each case affirming the decree of the single commissioner granting each petition, the respondents have filed a claim of appeal to this court. Each case is now before us on the petitioner's motion to dismiss each appeal.

The decision in Equity No. 2727 upon which the decree is based contained findings of fact that the hospitalization

of the petitioner exceeded fourteen days; that the medical maximum was not sufficient to cover the necessary specialized and prolonged services rendered to the petitioner; that specified medical bills rendered by certain doctors were reasonable; and that the medical advisory committee had approved the commission's decision regarding the reasonableness of such bills. On the basis of such findings the decree ordered respondents to pay the medical bills under the provisions of §28-33-5 and §28-33-7. As the record now stands, it is undisputed that the respondents have paid the medical bills in accordance with the decree.

With respect to the petition in Equity No. 2728, we shall refer only to those portions of the record which are pertinent to the issues raised by the motion to dismiss the respondents' appeal. It appears from the evidence that all of the hospital records pertaining to the hospitalization of the petitioner were in evidence at the hearing before the commission. After finding that the petitioner had sustained a compensable injury on February 1, 1956 and that total incapacity for work resulted therefrom, the decree ordered respondents to pay to petitioner weekly compensation and "all reasonable medical and hospital bills" incurred in accordance with the act.

The decree also provided that the order to pay all reasonable medical and hospital bills was to be read in conjunction with the decree in Equity No. 2727. However, it is pertinent to point out that the decree in that case deals only with specific medical charges made by certain doctors and not with hospital bills. In any event all of the medical bills have been paid by respondents and they have also paid the weekly compensation payments in accordance with the decree in Equity No. 2728, but they have not paid the hospital bills.

The petitioner's motion to dismiss the appeal in Equity No. 2728 raises the question whether respondents' failure to pay the hospital bills deprives them of their right to

prosecute an appeal to this court. He contends that the appeal was not taken in compliance with the provisions of §28-35-33 and §28-35-34 of the act. Those sections provide in substance that decrees entered by the workmen's compensation commission acting within its powers shall in the absence of fraud be final and that the terms thereof shall be followed until reversed by this court. The petitioner contends that under our decisions in *Girard* v. *United States Rubber Co.*, 84 R. I. 230, and *Bishop* v. *Chauvin Spinning Co.*, 85 R. I. 255, 129 A.2d 543, respondents' compliance with the decree ordering payment of the hospital bills is a condition precedent to their right to prosecute an appeal to this court. He therefore argues that such appeal was not properly taken and that it should be dismissed.

On the other hand respondents contend that since there has been no determination that such hospital bills are reasonable, they cannot be held in default so as to preclude them from prosecuting an appeal to this court. They rely on *Atlantic Rayon Corp.* v. *Macedo*, 73 R. I. 157.

The petitioner's motion to dismiss respondents' appeal in Equity No. 2728 thus relates only to respondents' failure to pay hospital bills. The payment of hospital bills by an employer is governed by §28-33-5. The pertinent provisions of §5 provide: "All hospital fees for treatment and services shall be limited to such charges as prevail in the community for private patients having similar treatment and occupying multiple bed accommodations and the laboratory fees and the fees for X-rays and anesthetics shall be those customarily charged by the hospital."

Section 5 further provides: "In case the amounts stipulated by this section are not sufficient to cover necessary specialized or prolonged services, the workmen's compensation commission may order payment of additional charges after hearing upon petition, and its decision shall be final." This language is clear. It requires the filing of a petition by the employee praying for the payment of additional hos-

pital charges in case the amounts stipulated by §5 are not sufficient to cover necessary specialized or prolonged hospital services. The workmen's compensation commission is expressly vested by that section with authority to order payment of additional charges after a hearing upon the petition. Implicit in such language is the requirement of a determination by the commission that the additional charges are necessary, reasonable and causally connected with the injury in question.

After a careful examination of the record we have found no such petition by the employee in the instant case. In these circumstances it cannot be said that the respondents have failed to comply with a lawful decree of the commission. In the absence of a petition by the employee seeking the payment of additional hospital charges, it is our opinion that the commission lacked authority to order the payment of hospital bills in excess of the amounts stipulated in §5. See *Atlantic Rayon Corp.* v. *Macedo,* 73 R. I. 157. The petitioner's motion to dismiss respondents' appeal in Equity No. 2728 is therefore denied.

The petitioner's motion to dismiss the appeal in Equity No. 2727, which is the petition to exceed the medical maximum, is based on his contention that under §28-33-5 and §28-33-7 the decision of the commission is final and no appeal therefrom can be taken to this court. In our discussion of petitioner's motion to dismiss the appeal in Equity No. 2728, we have already set forth the pertinent portions of §5. Section 7 provides: "Disputes as to reasonableness of medical charges.—Any dispute as to the reasonableness of the amount of any charge for services or for medicines shall be determined by the workmen's compensation commission after hearing, and its decision shall be final, if supported by a majority of the medical advisory committee appointed under the provisions of §28-33-40."

In our opinion the legislature in enacting §§5 and 7 intended to give finality to findings of fact made by the com-

mission pursuant to the requirements of those sections. As we have already stated, under §5 the commission is required to determine whether the specialized or prolonged services are necessary, reasonable and causally connected with the pertinent injury. Likewise under §7, if there is a dispute as to the reasonableness of the amount of any charge for services or for medicines, the commission is required to determine the reasonableness of such charges, and its decision shall be final if supported by a majority of the medical advisory committee.

However, under section 1, article XII of amendments to the state constitution, this court is vested with final revisory and appellate jurisdiction on all questions of law and equity. In conformance with such constitutional grant of power, the legislature has provided in §28-35-30 for appeals from decrees of the commission to this court on questions of law. There is nothing in the language of §28-33-5 and §28-33-7 indicating that the legislature intended to limit or restrict such appellate jurisdiction. Although the respondents have filed several reasons of appeal, their main contention is that the decree appealed from is not supported by legal evidence and that it is therefore against the law. It is well settled that findings of fact which are not supported by legal evidence amount to errors of law and will be reviewed by this court upon appeal. *Jillson* v. *Ross,* 38 R. I. 145, 150.

In our opinion the appeal in Equity No. 2727 is properly before us for the purpose of determining whether there is any legal evidence to support the finding under §7 that the medical bills in question were reasonable. The motion to dismiss such appeal is therefore denied.

In each cause the petitioner's motion to dismiss the respondents' appeal is denied.

ON MOTION FOR REARGUMENT.

MARCH 13, 1959.

PER CURIAM. After our opinion in the above cases was

filed, the petitioner by permission of the court presented a motion for leave to reargue, setting forth therein certain reasons on which he bases his contention that justice requires a reargument of the motion to dismiss.

We have carefully considered those reasons and in our judgment they present no matter which was not fully considered and passed upon in reaching the conclusion stated in our opinion.

Motion denied.

*Dick & Carty, Joseph B. Carty,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for respondents.