**BULOVA WATCH COMPANY,**

v.

**Oscar CORTES.**

**No. 83–544–Appeal.**

Supreme Court of Rhode Island.

July 7, 1986.

Bernard W. Boyer, Gerard S. Lobosco, Gregory L. Boyer, Boyer Reynolds & De-Marco, Providence, for petitioner.

John J. Lanni, Frederic A. Marzilli, Providence, for respondent.

## OPINION

MURRAY, Justice.

This is an appeal by the employee, Oscar Cortes (Cortes), from a decree of the Workers' Compensation Commission granting the employer's petition to review a preliminary agreement. We affirm.

On September 22, 1981, the employee, in the course of his employment with Bulova Watch Company (Bulova), sustained a right inguinal hernia. Thereafter, the parties entered into a preliminary agreement in which Bulova consented to pay compensation benefits for total incapacity to the employee.

On April 5, 1982, the employer filed with the Workers' Compensation Commission a petition to review the agreement. Bulova alleged that Cortes' incapacity for work had ended and that he was able to return to light, selected work. Hearings on the matter were conducted before one member of the commission.

Doctor Thomas C. McOsker, a neurosurgeon who examined the employee on Bulova's behalf, testified that in his opinion Cortes was capable of returning to work and performing his normal job duties. Doctor McOsker testified that although the employee was still experiencing physical discomfort, such a condition would neither prevent nor be aggravated by resumption of employment. In so concluding, the witness relied on Cortes' own description of his employment responsibilities.

Contradictory testimony was presented by the employee's treating physician, Dr. Richard A. Robin. Doctor Robin was of the opinion that Cortes remained totally disabled.

The employee provided a detailed account of his job responsibilities. Cortes testified that his employment, which he characterized as a "heavy job," required constant use of his right side. His tasks also included twice-weekly replacement of a polishing machine's thirty-pound wheels. The employee stated that he was still experiencing significant pain in his back and right-groin area and a resulting lack of mobility. Cortes testified that because of this immobility he believed that he was physically unable to return to work. The trial commissioner, by sustaining Bulova's objection thereto, precluded the employee from specifying which tasks he did not believe he could perform.

By decree entered on October 22, 1982, the trial commissioner permitted Bulova to suspend payment of compensation benefits. The commissioner found that the employer had met its burden of proving that the employee's incapacity for work had ended.

The employee subsequently appealed to the appellate commission. The commission, finding the trial commissioner's decision to be supported by the medical testimony presented and the reasonable inferences that could be derived therefrom, affirmed. A final decree in accordance with the appellate commission's decision was entered on July 28, 1983. It is from this decree that the employee appeals to this court.

On appeal, the employee challenges the commission's determination that his incapacity for work had ended. Our review of commission findings is limited to an examination of the record in order to determine

whether it contains any legally competent evidence supporting those findings. If so, absent fraud, the commission's determination cannot be disturbed. *LaRose v. State Institute of Mental Health,* 504 A.2d 472, 473 (R.I.1986); *Monticelli v. Trifari, Krussman & Fishel, Inc.,* 495 A.2d 994, 996 (R.I.1985).

■ The commission's decision is supported by the testimony of Bulova's expert witness, Dr. McOsker, who, after examining the employee and having considered the physical demands inherent in his job responsibilities, concluded that Cortes was physically capable of fully resuming such employment without any harmful consequences. In accepting Dr. McOsker's testimony, the commission rejected the contrary opinion proffered by the employee's expert witness. Assessing witnesses' credibility and determining the weight to be accorded their testimony are matters entrusted exclusively to the commission. *Mazzarella v. ITT Royal Electric Division,* 120 R.I. 333, 338, 388 A.2d 4, 7 (1978).

Despite the employee's argument to the contrary, our review of the record reveals that Dr. McOsker's understanding of Cortes' job responsibilities was sufficient to render his opinion probative. *See Leviton Manufacturing Co. v. Lillibridge,* 120 R.I. 283, 387 A.2d 1034 (1978). Doctor McOsker relied on the employee's own explanation of his duties. The physician's testimony demonstrates that he was aware of, and did not misconceive, the physical demands of Cortes' employment. Doctor McOsker described the employee's duties as requiring sitting, standing, pushing with his right leg, and some lifting. Such a description is consistent with that provided by the employee during the course of his own testimony.

In concluding that the commission's decision is supported by legally competent evidence, we reject the employee's assertion that the commission improperly relied on inferences as a substitute for such evidence. The commission is permitted to rely on reasonable inferences derived from le-

gally competent evidence. *Mazzarella,* 120 R.I. at 336, 388 A.2d at 6.

■ The employee also contends that the trial commissioner committed error by refusing to permit him to testify concerning the specific job duties which he believed he was unable to perform. We disagree. Cortes' testimony contained a detailed account of his responsibilities and the physical effort that they required. Further, he described his continued physical discomfort and stated his belief that he lacked the mobility necessary to resume employment. Such testimony was adequate to apprise the commission of the reasons for the employee's alleged inability to return to work.

■ Finally, the employee contends that Bulova, having failed to prove compliance with the compensation provisions of the preliminary agreement, was not entitled to relief. The appellate commission, noting that Cortes had neglected to raise the matter at trial, refused to address the issue. However, the employee argues that an employer who seeks review of a preliminary agreement is required to affirmatively plead and to prove full compliance with its terms and, that therefore, a respondent employee need not raise the issue of noncompensation. We disagree.

The cases cited by Cortes in support of his contention set forth only the well-settled principle that an employer who has failed to perform its obligations as set forth in a preliminary agreement is precluded from obtaining relief therefrom. *See, e.g., Fanning & Doorley Construction Co. v. Carvahlo,* 83 R.I. 58, 112 A.2d 878 (1955); *Brown & Sharpe Manufacturing Co. v. Giacoppa,* 69 R.I. 378, 33 A.2d 419 (1943); *Hingeco Manufacturing Co. v. Haglund,* 65 R.I. 218, 14 A.2d 233 (1940). The cases do not suggest that an employer who petitions for review must plead and prove compliance with its legal obligations. Rather, the employee, at trial, must raise the issue of noncompliance by presenting evidence of the employer's delinquency. *Atlantic Rayon Corp. v. Macedo,* 73 R.I.

157, 53 A.2d 756 (1947). Cortes failed to do so. Therefore, the record being devoid of any evidence suggesting that Bulova was in default of its payment obligations as set forth in the preliminary agreement, the employer was not precluded from obtaining relief therefrom.

For the above reasons, the employee's appeal is denied and dismissed and the decree appealed from is affirmed. The papers in the case are remanded to the Workers' Compensation Commission.