## John A. Littlefield *vs.* Samuel W. Peckham.

By the first section of "An act in addition to, and in amendment of an act entitled an act in amendment of an act enabling Town Councils to grant licenses for retailing strong liquors, and for other purposes," a person convicted by a Justice of the Peace, or a Court exercising the jurisdiction of a Justice of the Peace, and sentenced for a violation of said act, is allowed to appeal to the Court of Common Pleas, but is required, at the time of taking such appeal, to pay to said Justice or Court before which he has been convicted, all costs of his prosecution and conviction, to be taxed against him by such Justice or Court, and by the fourth section of said act, is required to pay the sum of three dollars as a counsel fee, said fee on any final conviction to be paid over to the complainant. An appellant in such a case having been acquitted in the Court of Common Pleas; *held*, that the costs and the counsel fee so taxed, could not be recovered back by the appellant, and that the act was not in violation of the constitution or the bill of rights.

ASSUMPSIT for money paid as costs in the Court of Magistrates of the city of Providence, upon an appeal from the judgment of said Court, on a complaint for selling strong liquors without license, to the Court of Common Pleas.

By section 1, of "An act in addition to and in amendment of an act entitled an act in amendment of an act enabling Town Councils to grant licenses for retailing strong liquors, and for other purposes," it is provided, that the party complained of may appeal from the sentences of the Justice, before whom the complaint is tried, upon the terms and conditions prescribed for appeals from the sentences of Justices of the Peace in certain cases, set forth in the one hundred and fiftieth section of the

act entitled "an act concerning crimes and punishments;" *provided*, that in addition to such terms and conditions he shall, at the time of taking such appeal, pay to said Justice or Court, before which he shall have been convicted, all costs of his prosecution and conviction, to be taxed against him by such Justice or Court." And by section fourth of the same act, it is provided, in case of conviction, that the defendant shall be taxed the further sum of three dollars as a counsel fee; and that "on any final conviction the counsel fee taxed at the Justice's Court shall be paid over to the complainant."

This case was submitted to the Court of Common Pleas upon the following agreed statement of facts:

It is agreed by the parties in the above entitled case, that on the 1st day of December, A. D. 1848, the said John A. Littlefield was convicted before the Court of Magistrates in the city of Providence, a Court exercising the jurisdiction of a Justice of the Peace, of the violation of the "act enabling Town Councils to grant licenses for retailing strong liquors, and for other purposes," and of the acts then in force passed in addition to and in amendment of the same, on a complaint made by Thomas Man, in the name and behalf of the State, and legally pending before said Court; that the said John A. Littlefield was thereupon sentenced by said Court to pay a fine of twenty dollars, one half to and for the use of the complainant, and the other half to and for the use of the State, and all costs of his prosecution and conviction; that the said John A. Littlefield, at the time of passing such sentence, prayed an appeal therefrom to the Court of Common Pleas, then next to be holden in the county of Providence, on the first Monday of June, A. D.

1849; that the said Court of Magistrates, thereupon, in addition to the terms and conditions prescribed for appeals from the sentences of Justices of the Peace in certain cases, set forth in the one hundred and fifteenth section of the act entitled "an act concerning crimes and punishments," required the said John A. Littlefield, at the time of taking such appeal, to pay to said Court of Magistrates all costs of his prosecution and conviction; that said costs, as taxed against him by said Court of Magistrates, amounted to the sum of eleven dollars and forty cents, to wit: Court fees, $3,10; Officers' fees, $3,10; Witnesses' fees, $2,20; Counsel fees, $3,00; that the said John A. Littlefield, thereupon, paid said sum of eleven dollars and forty cents to the said Samuel W. Peckham, who was then the Clerk of said Court of Magistrates, the said Littlefield at the time protesting against the right of said Court to exact said costs, as a condition of appeal, and, also protesting against paying three dollars as a counsel fee in addition to the costs; and said Littlefield also gave his recognizance in the sum of one hundred dollars, with Russel Clapp as surety, subject to the condition prescribed in the one hundred and fifteenth section of the act, entitled "an act concerning crimes and punishments," as required by said Court of Magistrates; that said complaint was prosecuted by appeal in the Court of Common Pleas for said county of Providence, at the June Term, A. D. 1849; and the said John A. Littlefield was tried thereon and adjudged not guilty, by verdict of a jury, and discharged.

And the agreed statement went on to set forth similar facts in two other cases, except that in these the complaints were discontinued in the Court of Common Pleas by the attorney General. The costs in the three cases

amounted to twenty-eight dollars and eighty-four cents, the sum claimed by the plaintiff of the defendant.

The plaintiff asked the Court to rule, that the money admitted to have been paid by him was unjustly detained by the defendant, and that he ought to recover the same; because

1. The plaintiff was discharged upon the complaint against him in the Court of Appeal, and no conviction stands against him, upon which he has been, or can be adjudged to any forfeiture.

2. Said costs were paid to the Court as a condition of the appeal, and not to the State as a part of any sentence, and are not appropriated by said statute or any other statute; and as the right to appropriate them has not been acquired by the State by a conviction on appeal, the sums paid remain in the hands of the defendant, subject to the claim of the plaintiff, and he ought to have judgment for the same in this action for money had and received; the said costs having been paid under protest; *a fortiori* as to the counsel fees, which the statute does not attempt to appropriate, except upon final conviction.

3. If it be decided that this statute declares that these costs, when paid, as a condition of the appeal, shall be forfeited, and not be held by the Court to await the final decision of the case on appeal, then said statute is unconstitutional and void in requiring said costs to be paid; because

1. It impairs the right of trial by jury, secured inviolate by the fifteenth section of the bill of rights.

2. It deprives a citizen of his property without the judgment of his peers, and thus violates section ten of the bill of rights.

3. It compels the appellant to purchase a trial by jury, which is secured to him as a right, and thus abridges the fifth section of the bill of rights.

The Court. STAPLES, J. presiding, decided, that the facts and circumstances set forth in the agreed statement of facts were not sufficient in law to sustain the plaintiff's action, and to this decision the plaintiff excepted, and brought his exceptions before this Court.

JENCKES for the plaintiff.

AMES for the defendant.

BRAYTON, J., delivered the opinion of the Court.

In the argument of this cause it was claimed on the part of the plaintiff, that upon the proper construction of the license act, the costs paid by the present plaintiff, as a condition of his appeal, are recoverable, and that it was intended that the payment should be conditional only, and the amount held as security to abide the event of the prosecution, and upon final acquittal to be paid back to him ; and, secondly, if under the law the plaintiff has no right to recover back the costs so paid, then that the law, in so far as it requires the payment of such costs, is unconstitutional and void.

Upon the first point, we see nothing in the act, or in any of its provisions, which evinces an intent that the costs paid upon appeal should be held conditionally and be paid back upon acquittal. It is said, indeed, that they are not by the act appropriated ; that they are not paid to the State, but to the magistrate. But the provision is substantially the same in this respect as in all other cases, where costs are paid as a condition of appeal. In all

civil cases they are required to be paid down, but there is no provision expressly to whom; yet upon such payment the appellee is entitled at once to recover and retain them. They are not held conditionally, but absolutely, and but for the general provision of law, which gives costs to the prevailing party, (subject to many exceptions,) they could not be recovered again. It is by virtue of this general provision only, that the appellant, if he recovers, recovers also all costs by him expended, whether his own proper costs of trial, or the costs reasonably paid to bring forward his appeal. No action could be maintained for their recovery. Now in criminal cases there is no such provision, since the State never pays costs.

But it is claimed, that the counsel fee of $3,00, which the statute provides shall be taxed, is to be paid, not to the State, but to the complainant, and to be paid to him only, on the contingency, that the defendant was convicted on appeal. Now, it must be conceded that, if no provision had been made for the payment of that item of costs to the complainant, it would have stood upon the same footing as the other parts of the bill of costs, and upon payment would have at once vested in the State. Can it make any difference, that as between the complainant and the State, (for the State is the only party,) the Legislature have provided that upon a certain contingency, the complainant shall receive it ? It might have been ordered to be paid into the treasury, and there await the event, in which case, upon conviction, it would have been paid out, and upon acquittal, retained.

Another objection made by counsel is that, by the 409 section of the criminal code, it is provided that costs shall be part of the sentence, that there is no conviction

now standing against the plaintiff upon which sentence can be passed, and that, without such sentence, he cannot be adjudged to pay costs, nor could the State acquire, a right to appropriate it.

The error of this mode of reasoning is, that it assumes the converse of the statute provision, and which is not found in any statute, viz : that the party could not be compelled to pay the costs but upon a conviction or judgment. This statute provides otherwise, and it does not conflict with any other statute provision, and certainly not with that referred to.

The plaintiff further claims that, if the proper construction of the statute be that under it the plaintiff has no right to recover back these costs, then the act, in so far as it requires the payment, is unconstitutional and void ; that it is an infringment of the right of trial by jury and a violation of the 15th section of the bill of rights which provides that " the right of trial by jury shall remain inviolate."

We are here called upon to exercise one of the highest powers of this Court, that of overruling an act of the legislature and declaring it void and of no binding force. If, upon examination, it be found to be a violation of any constitutional provision, it will be our duty so to declare it and to pronounce it void ; but before pronouncing any such decision or judgment, it behooves the plaintiff to satisfy us clearly that the violation, is plain and palpable, not that the trial is regulated by unusual or impolitic provisions.

Now it must be remarked, that the right of a trial by jury is not necessarily such a trial in the first instance ; that a trial before a single magistrate is so far constitutional, that if not appealed from, it is sufficient to sup-

port a sentence for the penalty and costs, if costs be by statute made part of it. (1 Binney, 416. 13 Serg. & Rawle, 405. 8 Yerger, 444. 4 Conn. 538. 1 Marsh. 372. 5 Geo. 194.)

It must be borne in mind, also, that the matter of costs is a matter purely of statute regulation, the common law making no provision in regard to them ; that costs are not necessarily dependent on a jury trial, nor even upon a judgment upon the matter in controversy, but are awarded in every variety of ways and cases, sometimes to the prevailing party and generally so, sometimes to the unsuccessful party even where the verdict of a jury is against him, sometimes left to the discretion of the Court to award costs to the one party or the other as they think reasonable under all the circumstances of the case. They are never, as such, the subject of jury trial, never made the subject of any suit, but are a mere incident to the matter in controversy, the expenses of the trial of the matter in issue and not the subject matter of the issue itself.

It will also be considered that the right to regulate appeals—to prescribe the manner in which they shall be brought forward, the time within which they shall be claimed and exercised, the terms upon which they are to be had, and to annex all reasonable conditions, has always been conceded to and exercised by the legislature, varying those terms and conditions from time to time, according to the varying exigencies of different cases. This is a constitutional power. (5 Geo. 194.)

Now, in this aspect of the case, were this the first statute enacted by the legislature, with the provision requiring the payment of costs, as the condition of appeal, and that irrecoverable by the party paying, can it be said

that the provision for such payment is clearly a violation of the constitutional provision, and such as amounts to a denial of the right of trial by jury ? Is the violation clear and palpable ? Or must the accused be permitted to carry up his appeal without any terms or conditions whatever ? Is he entitled to his appeal unconditionally ? This is not contended for. He must enter into recognizance. He must be at the expense of filing his appeal in the Court above. He must procure a copy of his whole case and plea, with this appeal. These are the expenses which he necessarily incurs, and which he was never allowed to recover against the State ; and it is conceded that this requirement is constitutional. Yet, they are restraints upon the right of trial by jury, which it is conceded may be placed upon the party in order to the proper regulation of appeals. Where then is the limit to these restraints ? Can we say that it is to depend upon a few dollars more or less, whether a law is constitutional or not ? Must we not say that there is vested in the legislature a reasonable discretion in the matter,— that they are not to be tied down in the exercise of an undoubted power to regulate appeals in all cases and prescribe the terms and conditions. They must be left to make such provisions as they, in good faith, shall from time to time, consider the reasonable demands of the public require for the advancement of public justice. Should they, at any time, disregarding the right of trial by jury, make provisions so unreasonable, prescribe conditions so oppressive, as to evince a design not to regulate, but to deny the right altogether, the time will have arrived when this Court will feel it their duty to declare such provisions void, as against the constitutional right of the citizens. Is it clear that the provisions now ob-

jected to, evinces any such design ? May we not fairly consider them as a subject for their consideration—to determine whether the advancement of public justice necessarily requires them.

But the right which the provision of the constitution secures, is the right existing prior to the adoption of the constitution. That right is not extended or enlarged. Was then the right ever deemed to be infringed by the payment of costs as in this case ? If it was not prior to the adoption of the constitution, clearly it cannot be so deemed now.

Upon examining the legislation of the State in times past, we find that in 1728, the legislature of the then Colony, enacted a law with precisely similar provisions, in all respects, as the one under consideration ; the offence the same—selling without license ; the forfeiture the same—$20 ; trial as here,—before a Justice of the Peace ; condition of appeal—payment of costs as in this case. This was not a mere temporary enactment, but remained upon the statute book through the revision of 1744 and 1767 and down to the year 1822, with all these provisions, thus remaining the law of the State for almost an hundred years.

In 1838, in the act to prevent illegal voting, and where, upon conviction, the party was excluded from voting for three years, the condition of the appeal was the same— on payment of costs.

Can we say then with this course of legislation before us, so long continued, that the provisions of this statute is a restraint of any right existing prior to the adoption of the constitution, which right fell within the provision of the 15th section of the bill of rights ?

It is also objected, that the provision for the payment of costs is a violation of the constitution in another respect, viz : against that provision of the 10th section of the bill of rights which provides that the citizen " shall not be deprived of life, liberty or property, unless by the judgment of his peers or the law of the land," and, also, in contravention of that provision of the fifth section, which says, " he ought to obtain right and justice freely and without purchase."

The uniform legislation of the State has given a practical construction to this provision of the constitution, and the whole course of its action upon the subject of costs and the regulation of appeals goes to show, that the provisions of the statute now in question, were never deemed liable to either of the objections, or to any constitutional objection.

The plaintiff's exceptions must, therefore, be overruled and the judgment below for the defendant confirmed with additional costs of this Court.