WILLIAM J. CORBETT *vs.* LUCINDA C. PENHALL *Ex. et al.*

MAY 14, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, and Condon, JJ.

CONDON, J. This is a bill in equity brought by the com-

plainant in the superior court originally for the construction of the will of Josephine B. Corbett, and for the determination of the ownership of certain funds, as between the parties named in said bill. Finally, after some contention about the pleadings, an amended bill was filed limiting the cause to the determination of the ownership of a joint savings bank account as between Lucinda C. Penhall, individually, and as executrix under the will of the aforesaid Josephine B. Corbett.

The cause was thereupon duly heard by a justice of the superior court, and said justice after a hearing, denied the prayer of the complainant and dismissed his bill. After a reargument allowed by said justice, at the request of the complainant, a final decree was entered denying and dismissing the complainant's bill. From this decree, the complainant has appealed and has prosecuted his appeal to this court.

The complainant, in taking his appeal in the superior court, did not file with the clerk of that court a transcript of the testimony taken orally in the cause, as required by general laws, 1923, chapter 339, sec. 26, but did file a transcript of a portion of such testimony, which he claims is all the testimony in the cause bearing upon the question of the validity of the alleged gift *inter vivos* made by Josephine B. Corbett to Lucinda C. Penhall. After a hearing on the sufficiency of this transcript, the justice of the superior court returned said transcript to the clerk of said court within the time required by statute, but without taking any action thereon allowing or disallowing the same. Thereupon, in accordance with G. L., 1923, chap. 339, sec. 27, the clerk of the superior court certified the cause and all the papers therein to this court.

The complainant filed in this court a motion that the cause be assigned for hearing on the question of the sufficiency of the transcript, in accordance with the provisions of said sec. 27. The respondents thereupon moved to dis-

miss the complainant's appeal on the ground that the complainant had failed to comply with the requirements of said sec. 26, necessary to give this court jurisdiction of his appeal, this failure being neglect to file a transcript of the testimony taken orally in the cause. The parties were heard on both motions together, as they raised the same question for our decision.

Sections 25, 26 and 27, chap. 339, G. L., 1923, deal with the mode of taking an appeal in equity and with the powers and duties of the superior court in the perfecting of said appeal to this court, but it is sec. 26 which particularly prescribes the duty imposed upon the appellant to file a transcript of the testimony. That duty is clearly set forth in the very first sentence of that section, as follows: "The party taking an appeal shall within such time as the court shall fix, whether by original fixing of the time, or by extension thereof, or by a new fixing after any expiration thereof, file with the clerk a transcript of the testimony taken orally in the cause, if any, or so much thereof as may be agreed by the parties." This language is mandatory. The obligation there imposed upon the party taking the appeal could not be stated more plainly or more explicitly. Moreover, we have recently construed this section and have held that: "In a cause in equity an appeal from a final decree, that is based in whole or in part on oral testimony, cannot be prosecuted in this court without a transcript of the testimony or so much thereof as may be agreed to by the parties . . . ." *Purcell* v. *John Hancock Mutual Life Ins. Co.,* 56 R. I. 93, 96, 183 A. 884, 886.

In the instant case there is no agreement between the parties as to the sufficiency of the transcript in question. On the contrary, the complainant has chosen to come here with only a partial transcript, over the objection of the respondents. The complainant seeks to justify such action, notwithstanding the plain letter of the statute, by contending that the transcript which he has brought here contains

all the testimony bearing upon the validity of the question before us. The very statement of this contention carries its own refutation. Who has decided that the portion of the testimony in this transcript is all of the testimony bearing upon the question presented in the complainant's appeal? Not this court, and not the superior court. The certificate of the stenographer, who reported the testimony in the superior court, clearly shows that it was the complainant, through his counsel, who decided what portion of the testimony bore upon the question presented by his appeal. This certificate reads as follows: "I hereby certify that the portion of the testimony in the above entitled case ordered by counsel for the complainant, is true according to my notes taken at the trial of said case. (Signed) Florence C. Greene."

Clearly the complainant has not followed the mandate of the statute but has himself decided what portion of the evidence and how much he shall bring to this court. There is no color of authority for such action on his part. He has cited in his brief two cases in which this court has not required a transcript to be filed, but neither of those cases was a suit in equity, coming within the provisions of the statute now under consideration. *Farnum* v. *United Electric Rys. Co.*, 55 R. I. 211, 175 A. 49; *Giblin* v. *Giblin,* 45 R. I. 500.

The complainant contends, however, that the statute governing the matter of the filing of a transcript of the evidence in appeals in equity should not be so construed as to impose more onerous conditions of appeal than are imposed by the statute governing bills of exceptions in actions at law. Our answer to this contention is that we must take the statute as we find it.

The right of appeal is statutory and the conditions precedent to the enjoyment of that right in this court have been imposed by the legislature. Those conditions must be complied with if one claims that right here. That the conditions precedent to a review by bill of exceptions in an action

at law are less onerous than the conditions precedent to an appeal in a suit in equity is a distinction not of our making, and of no concern to us here.

As stated by us, however, in *Purcell* v. *John Hancock Mutual Life Ins. Co., supra,* the procedures on appeal in actions at law and in suits in equity have always been separate and distinct from each other. The *Purcell* case was a suit in equity brought here on appeal without any transcript. We pointed out in our opinion in that case the special reason and necessity for filing a transcript with an appeal in an equity suit. In the instant case, it is true that a transcript has been filed, but it is not the full transcript of the evidence received in the cause by the trial justice, and upon which he made his decision. The complainant contends, nevertheless, that it contains "all the testimony bearing upon the questions raised by the appeal." We cannot permit the complainant thus to select for review here the testimony upon which he thinks the decision below was based. To do so would not only be in violation of the plain letter of the statute but also contrary to sound reason. Unless, as permitted expressly by the statute, the parties can agree upon the portion of the testimony which it is necessary to have before us in consideration of the questions raised by the appeal, a transcript of all testimony must, in a suit in equity, be filed in this court with the appeal.

The respondents' motion is granted, the complainant's appeal is dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William J. Brown,* for complainant.

*Remington, Thomas & Levy, Arthur J. Levy,* for respondent.