LILLIAN R. GIRARD *vs.* UNITED STATES RUBBER COMPANY.

MAY 22, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's original petition under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chapter 3297. It is before this court on the respondent employer's motion to stay the operation of a final decree of December 2, 1955, which was entered by the workmen's compensation commission, pending the determination of the merits of the employer's appeal therefrom.

Under the decree in question respondent was ordered to pay to petitioner compensation in the amount of $560 and certain reasonable medical expenses and costs. From such decree the respondent appealed to this court on December 6, 1955 and has not since complied therewith in that it has not paid petitioner the compensation or medical expenses ordered. On December 13 petitioner moved that respondent be adjudged in contempt for noncompliance with the decree. On December 28, 1955, while petitioner's motion to adjudge respondent in contempt was pending before the commission, respondent filed in this court the instant motion praying

that enforcement of the decree be suspended and enjoined until the merits of the appeal are determined.

The petitioner has directed the attention of the court to certain provisions of the workmen's compensation act as amended by P. L. 1954, chap. 3297, and particularly secs. 4 and 7 of article III thereof. In these sections it is provided among other things that the claiming of an appeal to this court, after hearing and decision by the full commission, shall not stay the effect of a decree entered pursuant thereto.

The pertinent language of secs. 4 and 7 of art. III reads as follows: "Sec. 4. The decree entered by the workmen's compensation commission acting within its powers shall in the. absence of fraud be final, and any appeal shall not stay the effect of said decree, and if benefits have been ordered to be paid, reduced, discontinued or suspended, the terms of the decree shall be followed until reversed by the supreme court * * * ." "Sec. 7. As hereinbefore provided the claim of appeal shall not suspend the operation of the decree appealed from * * *."

The respondent on the other hand contends that the above-quoted provisions were not intended by the legislature to impinge upon or to restrict the power of this court to stay the effect of decrees entered by the commission and, in the alternative, if the legislature did so intend, the provisions are invalid in that they violate the provisions of article XII of amendments to the constitution of Rhode Island. We agree with respondent's contention that the provisions of secs. 4 and 7 under consideration were not intended by the legislature to limit or challenge the authority of this court to stay the effect of decisions or decrees of lower courts or of quasi-judicial agencies of the state.

The pertinent language of secs. 4 and 7 is clear and unambiguous and does not require any statutory construction. *Romano* v. *Napolitano*, 75 R. I. 512. When such language is given its natural meaning it becomes clear that

it is directed to litigants before the commission. Its purpose and effect are to prevent a losing party from staying the operation of such decree by the simple expedient of claiming an appeal to this court. The language of secs. 4 and 7 is precise and makes no attempt, direct or indirect, to prevent the issuance of a suitable order by this court in a proper case. To construe the pertinent portions of those sections as encroachments upon this court's final authority to stay the effect of decrees of the commission is to read into the statute something that is not to be found there, either expressly or by necessary implication.

We conclude that the legislature, in enacting secs. 4 and 7 of article III of the workmen's compensation act, was acting with respect to an appropriate subject matter and within its constitutional powers, and that the pertinent provisions of such sections do not purport to limit or challenge the authority of this court with regard to staying the effect of decrees of the commission.

The question remains whether the court should grant respondent's motion for a stay of the operation of the decree of the commission entered on December 2, 1955. This court is cognizant of the abuse that the legislature intended to correct when it provided that the claim of an appeal from a final decree entered by the commission would not operate to stay the enforcement thereof. Under the prior form of the workmen's compensation act the claiming of an appeal acted to stay the operation of a decision of the director of labor or a decree of the superior court. Those familiar with the results of the staying of the enforcement of such decisions or decrees need no recitation of particular abuses to appreciate that the new provisions are consistent with the humanitarian and social objectives of the compensation act.

Being fully aware of the abuses under the prior provisions of the act and also of the potential benefits implicit in its present provisions, this court is inclined not to circumvent the declared policy of the legislature as revealed by the pro-

visions of secs. 4 and 7. Conceivably circumstances of such a nature might arise as would move us, for substantial reasons, to exercise our power to stay a decree of the commission. However, we are of the opinion that no such circumstances have been shown in the instant case.

The respondent's motion is denied.

*Michaelson & Stanzler, Julius C. Michaelson,* for petitioner.

*Ambrose W. Carroll,* for respondent.