272 A.2d 329.

MERCHANTS MUTUAL INSURANCE COMPANY *vs.*
NEWPORT HOSPITAL.

MERCHANTS MUTUAL INSURANCE COMPANY *vs.*
ELIE COHEN.

JANUARY 15, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. These two civil actions were brought by the plaintiff insurer to recover moneys paid to the defendant hospital and the defendant Cohen pursuant to a decree of the Workmen's Compensation Commission that was subsequently reversed by this court in *Woods* v. *Safeway System, Inc.*, 101 R. I. 343, 223 A.2d 347. The defendant Cohen is an orthopedist. We have consolidated both suits. They are before us after we issued certiorari to review the denial by a Superior Court justice of a motion, filed by the insurer in each case, for summary judgment.[1]

This proceeding marks the third time we have considered some aspect of the litigation which ensued when Woods allegedly injured his back while working for his employer, Safeway. We held in the first *Woods* case in reversing the full commission that the employee had failed to prove that his back injury was work-related. Thereafter the Workmen's Compensation Commission entered a final decree denying and dismissing the employee's original petition. The commission in doing so denied a request by the insurer[2] that there be incorporated in the decree a

---

[1]The insurer started its suits for restitution in the district court. There it obtained one judgment against Woods for $759.67, another against the hospital for over $825, and the third against Dr. Cohen for $260. Woods took no appeal from the district court. The hospital and the physician did take appeals to the Superior Court. Another physician who treated Woods has returned the money paid him by the insurer.

[2]While the nominal party in the first two cases was Safeway, the real party in interest was and is its insurer, Merchants Mutual. We shall hereafter refer only to the insurer. In most compensation cases the employer is but a nominal party. There is, of course, the rare instance when an employer is a self-insurer.

provision calling for the repayment of moneys it had paid in accordance with the terms of the now vacated decree.

The insurer again returned to this court. In *Woods* v. *Safeway System, Inc.*, 102 R. I. 493, 232 A.2d 121, we ruled that the Legislature had not conferred upon the commission the power to order the return of moneys paid pursuant to a decree of the commission which on appeal was reversed by this court. In upholding the commission's denial of the insurer's request, we noted that the General Assembly's failure to provide for reimbursement in such a circumstance did not bar the insurer from instituting a civil action based on the theory of unjust enrichment to recover the moneys paid under the commission's decree. Safeway's insurer then commenced these two suits.

The present petitions were argued before us last spring. After considering the contentions of the insurer, the hospital and the physician, we ordered a reargument[3] with a direction that special emphasis be placed on the question whether there is an implied condition contained within the provisions of G. L. 1956 (1968 Reenactment) §28-35-33, which bars a successful appellant such as an insurer from recovering moneys it has paid under a decree of the Workmen's Compensation Commission ultimately held to be erroneous by this court. If the reply to this inquiry was in the affirmative, was such a condition in violation of any constitutional prohibition? Reargument was held in October 1970.

Section 28-35-33 provides that an appeal from a decree of the compensation commission shall not stay its effect. If compensation payments are ordered by the decree, the statute requires that they shall be made until the decree is reversed; and if payments are not ordered or if they

---

[3]*Merchants Mutual Ins. Co.* v. *Newport Hospital*, 106 R. I. 834, 266 A.2d 922.

are reduced, discontinued or suspended, and this court overturns such an order, retroactive payments must be made. This statute makes no provision for reimbursing an insurer for payments made under a decree which is subsequently overturned by this court. The defendants contend that the General Assembly's failure to speak about reimbursement demonstrates a legislative intent that the recipient of any benefits paid under the contested decree would not be required to return any funds received from the carrier.

In disposing of this contention we shall review the legislative history of our Workmen's Compensation Act in Rhode Island. In 1954, the Legislature, after receiving a report from a special commission, completely revised the workmen's compensation law in three vital areas. (1) It removed jurisdiction from the Director of Labor and the Superior Court in contested workmen's compensation cases and vested such jurisdiction in one administrative agency which it created and which it designated as the Workmen's Compensation Commission.[4] (2) It provided for just one hearing on the facts when previously an appeal resulted in two hearings on the facts,[5] one before the Director of Labor and the second before the Superior Court. (3) It provided that an appeal from the full commission to the Supreme Court would not act as a stay of the decree of the full commission but it did grant a stay when an appeal is taken from the decree of a single commissioner to the full commission. This last change is now found in §28-35-33.

Prior to the 1954 amendment the claiming of an appeal in a workmen's compensation case acted to stay the operation of the decree of the Superior Court until this court rendered its opinion. We pointed out in *Girard* v. *United*

---

[4]P. L. 1954, chap. 3297, art. III.

[5]P. L. 1954, chap. 3297, art. III, sec. 4.

*States Rubber Co.,* 84 R. I. 230, 122 A.2d 747, that the purpose of this new amendment (now §28-35-33) was to prevent the losing party from staying the operation of the commissioner's decree by the simple expedient of claiming an appeal to this court. We said that we were conscious of the "abuses" committed under the prior provisions of the act and the potential benefits implicit in the 1954 amendment.

We are well aware of the two-pronged purpose of the abolishment of the stay while the commission's decree is being appealed. It was common knowledge that a frivolous appeal by an employee could result in a substantial lump settlement or continued compensation long after the incapacity had ceased. The procedures under the former version of the act contributed to delay in the length of time required to terminate a compensation case, thereby adding another cost factor to the employer in the form of higher insurance premiums. The injured worker was confronted with an even more acute problem when the employer appealed. He did not receive his compensation promptly. At a time when he was unable to work and usually in need of medical attention with no income to support himself and his family, he was faced with what appeared to be a seemingly endless and costly litigation. As a result, either claims were abandoned or the injured worker was harassed into accepting an inadequate lump-sum settlement. It was obvious that the Legislature, when it enacted §28-35-33, intended to eliminate the evils connected with the then existing law by providing that an injured worker who has successfully prosecuted his petition would be promptly compensated and an employee who no longer is entitled to the benefits he is presently receiving would not be able to continue to receive such benefits merely by taking an appeal to this court.

We remarked in *Girard* that the language of §28-35-33

was clear and unambiguous and needed no statutory construction. This being so, this court cannot, as we said in the second *Woods* case, read into the statute something contrary to its unequivocal terms. We cannot supply by judicial construction some provision that the Legislature has seen fit to omit. Accordingly there is nothing in §28-35-33 which bars an insurer from instituting a civil action when it seeks to recover moneys it paid pursuant to a decree of the Workmen's Compensation Commission which on appeal was nullified by this court.

We have no doubt, however, that the General Assembly, if it so desires, may enact a properly drawn statute which would bar a successful insurer appellant from recovering benefits paid as a consequence of the reversed decree. It is well established that the right of appeal is statutory in nature. *Corbett* v. *Penhall*, 58 R. I. 185, 192 A. 171; *Standard Oil Co.* v. *Board of Purification of Waters*, 43 R. I. 336, 111 A. 887.

Long ago in *Littlefield* v. *Peckham*, 1 R. I. 500, we recognized the right of the Legislature to regulate appeals by annexing thereto reasonable conditions and varying those conditions according to the varying exigencies of different cases. *Littlefield* involved a statute requiring the payment of all costs and a three-dollar counsel fee as a condition precedent in taking an appeal. In *Littlefield*, we ruled that the costs and counsel fee could not be recovered since there was nothing unreasonable or arbitrary about the statute. Likewise, having in mind that workmen's compensation statutes represent a valid exercise of the police power, the Legislature could, if it so desires, impose as a condition of an insurer's appeal from the award of benefits by the Workmen's Compensation Commission a provision that the money paid by the insurer during the pendency of its appeal could not be recovered in the event its appeal is successful.

During oral argument a suggestion was made that relief under the principle of unjust enrichment is limited to instances where the benefit conferred on one person results from his fraudulent act. This is simply not so. Unjust enrichment permits the recovery in certain instances where a person has received from another a benefit, the retention of which, would be unjust under some legal principle, a situation which equity has established or recognized. *Seekins* v. *King,* 66 R. I. 105, 17 A.2d 869. We held in *Sherman* v. *Rhode Island Hospital Trust Co.,* 68 R. I. 525, 30 A.2d 498, that when a husband used money acquired wrongfully from his mother to pay off a mortgage on property belonging to him and his wife, the mother's administrator, under the theory of unjust enrichment, had an equitable lien on the wife's interest in the realty regardless of her ignorance of her husband's wrongdoing. The right of recovery and the unjust enrichment doctrine has for its basis that in a given situation it is contrary to equity and good conscience for one to retain a benefit that has come to him at the expense of another and that it is not necessary in order to create the obligation to make restitution or to compensate that the party unjustly enriched be guilty of a tortious or fraudulent act. *Connecticut National Bank* v. *Chapman,* 153 Conn. 393, 216 A.2d 814; *Dean* v. *Mattox,* 250 N. C. 246, 108 S.E.2d 541. Here the insurer had consistently maintained that Woods' back condition was not related to his work. In order to prevail in this court, however, it was compelled to pay the hospital and doctor for the care and treatment they rendered Woods. We, therefore, ruled in the second *Woods* case that the insurer could avail itself of the doctrine of unjust enrichment.

When the trial justice considered the insurer's motions for summary judgment, he referred to the general rule that money paid to another because of a mistake of fact

may be recovered. He denied them on the ground that such rule is inapplicable where money is mistakenly paid by one to a third person for the benefit of another, the third party having no knowledge of the mistake. Although we cannot find fault with the enunciation of this law, we think the trial justice erred in applying it to the circumstances of this case.

Throughout the course of these proceedings plaintiff has maintained that defendants were not entitled to payment under the Workmen's Compensation Act. Notwithstanding this stand, plaintiff, pursuant to a hearing on Woods' original petition, was ordered by a decree of the Workmen's Compensation Commission to make payment to defendants. After we denied plaintiff's ex parte motion for a stay of the operation of the commission's decree, it made the payments in accordance with §28-35-33. The insurer had to make these payments if it desired its appeal to be heard. In these circumstances the insurer did not pay the moneys to defendants under a mistake of fact.

Restitution has long been a remedy afforded a party adversely affected by an erroneous court decision. Section 74 of the Restatement of the Law of Restitution, at 302 states:

"A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final * * *."

The defendants do not refute this principle of law but contend that it does not apply to them for two reasons. They first argue that the right to restitution subsequent to the reversal of a judgment is restricted to a party to the suit or his privy, and that they were not parties in the original action that was subsequently reversed. The defendants also contend that only the employee was un-

justly enriched by the extinguishment of his indebtedness to defendants. Both of these arguments, we believe, are without merit.

Prior to the advent of the Workmen's Compensation Act an employee was responsible for payment of medical services rendered to him. Now, however, the Act requires that the employer through its insurance carrier provide and pay for these services for its injured employee. See §28-33-5. It is by virtue of the Act that hospitals and doctors are made third-party beneficiaries of any contractual services rendered by them within the purview of the Act. Under the original decree entered by the commission the insurer was ordered to make payments directly to defendants for services rendered by them to the employee. As statutory beneficiaries therefor, defendants became involved in the original proceedings before the commission, and they cannot now argue to the contrary. This involvement is more apparent when we refer to §28-33-8. This statute provides that an injured employee is entitled to be treated by the physician, dentist or hospital of his choice. It also states that the employer will not be responsible for the payment of such services unless it is notified by the physician, dentist or hospital in writing within 15 days of the commencement of treatment that they have been selected by the employee and that thereafter they provide the employer with bimonthly reports of the employee's condition together with a final bill which must be rendered within three months after treatment has been concluded. Finally, §28-33-8 stipulates that an employee will not be liable for care and treatment given him in instances where the physician, dentist or hospital has forfeited the right to be paid by the employer because of their failure to comply with the reporting provisions of this section.

Turning now to the second argument posed by the de-

fendants, we agree that the employee's debt to the defendants was extinguished by the plaintiff. It must be noted, however, that this extinguishment was accomplished under a decree of the commission which was subsequently reversed. Therefore, even though money was received for payment of a justifiable debt, it was paid by a party who, this court determined, had no legal obligation to make such payments. The aim of restitution is to place the parties in status quo and to allow the defendants to retain the moneys received from the plaintiff would in our opinion be violative of this purpose. In these circumstances we conclude that the defendants would be unjustly enriched *at the expense of the plaintiff* if they were allowed to retain the funds paid to them.

In each case the plaintiff's petition for certiorari is granted; the Superior Court's order is quashed, and the papers in each case are ordered returned to that court with the directive to grant the plaintiff's motion for summary judgment.

ROBERTS, C. J., dissenting. Reluctantly I am compelled to disagree with the conclusion reached by the majority in this case. As I read the pertinent statute, I am persuaded that the medical expenses and hospital expenses, as well as the compensation paid the injured workman in this case, did not become recoverable when the decree of the Workmen's Compensation Commission awarding such compensation was reversed by this court.

In the first place it is clear from both our statutes and decisions that bills for medical and hospital services are to be treated as part of the compensation paid an injured employee. It is provided in G. L. 1956, §28-33-5: "The employer shall, subject to the choice of the employee as provided in §28-33-8, promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment * * * for such period as

is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *." In construing this statute in *Atlantic Rayon Corp.* v. *Macedo,* 73 R. I. 157, 159, 53 A.2d 756, 757, we stated: "There is no question but that reasonable bills for medical and hospital services are to be treated as a part of compensation."

Since payments made to cover medical expenses are classified as compensation within the context of the Workmen's Compensation Act, they then of necessity draw other characteristics and qualities from such legislation. In §28-35-33 provision is made for the finality of decrees entered by the Workmen's Compensation Commission. It is expressly stated in the pertinent section: "The decree entered by the workmen's compensation commission acting within its powers shall in the absence of fraud be final, and any appeal shall not stay the effect of said decree * * * if compensation payments have been ordered by the workmen's compensation commission, such payments shall be made and continued until reversal * * *." We held in *Girard* v. *United States Rubber Co.,* 84 R. I. 230, 122 A.2d 747, that this is a clear and unambiguous statute and as such requires no statutory construction. We have further held in *Weimar* v. *Newman,* 78 R. I. 221, 226, 80 A.2d 887, 890: "It is fundamental that if the language of a statute is free from ambiguity and expresses a definite and sensible meaning, that meaning is conclusively presumed to be the one which the legislature intended to convey. In such circumstances the statute must be interpreted literally."

The statute enunciates quite clearly that all payments made under a decree of the Workmen's Compensation Commission are final. It makes no provision for the recovery of sums paid out as compensation, nor does it provide for the creation of an actual or constructive trust for such sums pending final adjudication. In enacting

this statute the Legislature took into account one retroactive situation that provides for payments of funds from the date of injury where a decree of the commission denying payments is reversed by the Supreme Court, "* * * and if payments have not been ordered and the decree is reversed, retroactive payments shall be made from the date provided for in the decision of the supreme court." In the light of the Legislature's expressed provision for this retroactive situation and its obvious omission of the other retroactive possibility and in the light of the use of the word "final" in the statute describing payments made, we see no ground for holding that implied in this statute is a possibility of recovery under any theory of law or equity.

The statute in its clear and unambiguous language also clearly shows the purpose for which this legislation was enacted. The purpose is to allow the recipient of payments to use those payments to alleviate the distress that accompanies unemployment and to obtain necessary medical treatment immediately without the necessity of holding the funds in escrow until a final determination in the appellate proceedings. To allow recovery after payment would defeat such a purpose and nullify the statute.

It is my conclusion, contrary to that of the majority, that the payments once made—and this includes payments for medical and hospital expenses—are final and may not be recovered. With respect to the validity of §28-35-33, I again refer to *Girard* v. *United States Rubber Co.*, *supra*, where at 233, 122 A.2d at 748, we said: "We conclude that the legislature, in enacting secs. 4 and 7 of article III [now §§28-35-33 and 28-35-34] of the workmen's compensation act, was acting with respect to an appropriate subject matter and within its constitutional powers * * *."

POWERS, J., also dissenting. I am also troubled by the majority's decision. It rests on the proposition that the defendants, as third-party beneficiaries, were unjustly en-

riched. I cannot see how this is so because the defendants, in good faith, rendered services for which they were entitled to be compensated. Rather, it seems to me that it is the employee Woods who was the true beneficiary of the unjust enrichment which by dictum this court unanimously held in *Woods* v. *Safeway System, Inc.,* 102 R. I. 493, 232 A.2d 121, gave the plaintiff a right of recovery by a civil action in the Superior Court.

Moreover, confessing error in my concurrence in *Woods* v. *Safeway System, Inc., supra,* I would now hold that except for payments made pursuant to a knowingly fraudulent claim by an employee, an employer has no right to recover compensation in any of its aspects paid pursuant to a final decree of the Workmen's Compensation Commission. Requiring an employer to be so responsible may be onerous but so are other burdens, such as taxes, that are necessarily incidental to the right to do business in an organized society.

Keeping in mind the broad social concepts of the Workmen's Compensation Act, I can reach no other conclusion. Specifically then, I agree with the Chief Justice that the instant plaintiff has no right of recovery against the defendants in this civil action.

*Martin M. Zucker,* for plaintiff.

*Corcoran, Peckham & Hayes, Joseph T. Houlihan,* for Newport Hospital; *Moore, Virgadamo, Boyle & Lynch, Jeremiah C. Lynch,* for Elie Cohen, defendants.