JOHN J. ORR & SONS, INC.

v.

Lloyd M. WAITE.

No. 83–329–M.P.

Supreme Court of Rhode Island.

July 10, 1984.

George E. Healy, Jr., George T. Salem, Jr., Healy & Chiulli, Providence, for petitioner.

Raul L. Lovett, Marc B. Gursky, Lovett, Morgera, Schefrin & Gallogly, Providence, for respondent.

## OPINION

MURRAY, Justice.

This is a workers' compensation case in which we have granted the employer's petition for a writ of certiorari to review the constitutionality of the pretrial conference procedure employed by the Workers' Compensation Commission (commission) pursuant to G.L.1956 (1979 Reenactment) § 28–35–20, as amended by P.L.1982, ch. 32, art. 1, § 10.

The employee, Lloyd M. Waite, filed an original petition for workers' compensation on April 5, 1983, alleging an injury to his back on February 6, 1983, sustained while working for employer, John J. Orr & Sons, Inc. On May 17, 1983, the instant matter was reached for a pretrial conference before a trial commissioner.

At the pretrial conference, employee's original petition and medical reports from his treating physician, Dr. Vincent Yakavonis, were submitted to the commissioner. The medical reports indicated that employee had sustained back injuries as a result of a fall and was disabled. Reports of followup examinations performed by Dr. Yakavonis were also submitted to the commissioner. The most recent report submitted was dated May 6, 1983, and it indicated that employee remained disabled.

In rebuttal, employer submitted reports from the Rhode Island Hospital Emergency Room, Dr. Kenneth Catallozzi of Rhode Island Hospital, and Dr. Edward Spindell.

Doctor Spindell's report indicated that employee was capable of performing his normal work.

During the course of the pretrial conference, employer also presented a motion to the trial commissioner to certify the question of the constitutionality of the pretrial procedure to this court pursuant to § 28–35–38. This motion was denied by the trial commissioner.

Turning to the merits of the claim before him, the trial commissioner resolved the conflicting medical reports in favor of the treating physician and ordered the payment of compensation to employee. Thereafter, employer requested a full hearing on the merits of employee's petition.[1]

In conjunction with its claim of appeal from the preliminary determination of the trial commissioner, employer filed a petition for a writ of certiorari with this court. The petition was granted by this court on June 23, 1983, and an order was entered temporarily staying the payment of compensation. The temporary stay was lifted on July 8, 1983, and the commission was instructed to retain the papers in the case so that the matter could proceed to a hearing on the merits without delay. The employee has been receiving worker's compensation benefits since that time.

The employer raises several issues upon appeal to this court. Primarily, employer argues that it is denied due process of law in violation of the Fourteenth Amendment of the United States Constitution by reason of the fact that under § 28–35–20 it is required to pay compensation benefits based upon a hearing that takes place without the opportunity to cross-examine and confront witnesses. We disagree.

Contrary to employer's contention, we are properly guided in the present case by the pronouncements of the United States Supreme Court in the case of *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47

---

1. This matter was still pending before the commission at the time the present case was argued before this court.

L.Ed.2d 18 (1976). It is employer's position that *Mathews* is inapplicable to the present case since *Mathews* arose in the context of an administrative proceeding. Although we recognize that the commission functions in a quasi-judicial manner, it is nevertheless an administrative agency created by the Legislature. *See Merchants Mutual Insurance Co. v. Newport Hospital,* 108 R.I. 86, 90, 272 A.2d 329, 331 (1971). Even were we convinced that the proceedings at the commission are in substance more judicial than administrative in nature, we believe that the constitutional principles announced in *Mathews* are sufficiently broad to control our analysis in the present case.

In *Mathews* the Supreme Court addressed the question of whether an evidentiary hearing is required before a preliminary termination of Social Security disability-benefit payments may be effected. The basic facts of that case are as follows. The state agency charged with monitoring claimant's medical condition made a tentative determination that his disability had ceased. This determination was based upon a consideration of claimant's answers to a questionnaire submitted to him by the agency, medical reports, and other information contained in his file. Upon notification of the agency's tentative decision, the claimant was advised "that he might request reasonable time in which to obtain and submit additional information pertaining to his condition." *Mathews v. Eldridge,* 424 U.S. at 324, 96 S.Ct. at 897, 47 L.Ed.2d at 27. The claimant did not submit any additional information and indicated in his written response that the agency already had enough evidence to establish his disability. The state agency then made its final determination that disability had ceased. This determination was accepted by the Social Security Administration, which notified the claimant that his benefits would be terminated. The notification also advised the claimant of his right to seek reconsideration of this initial determination within six months by the state agency. The claimant did not seek reconsideration but rather commenced an action challenging the constitutionality of the termination procedures. *Id.* at 324–25, 96 S.Ct. at 897–98, 47 L.Ed.2d at 27.

In reversing the decisions of lower federal courts, the Supreme Court held that the termination procedures employed by the Social Security Administration in reviewing eligibility for disability benefits complied with due process. The Court reaffirmed its earlier pronouncements in the due process area in addressing the question of "what process is due prior to the initial termination of benefits, pending review." *Id.* at 333, 96 S.Ct. at 902, 47 L.Ed.2d at 32. In so doing, the Court again embraced the proposition that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965)). The Court also stated that in recent years it had held that "a hearing closely approximating a judicial trial" was necessary in only one case, *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), which involved the termination of welfare benefits.

■ The Court in *Mathews* ultimately resolved the issue before it through the application of an analysis that had been developed in a prior line of cases. Specifically, the Court stated that "resolution of the issue whether the administrative procedures provided here are constitutionally sufficient requires analysis of the governmental and private interests that are affected." *Mathews,* 424 U.S. at 334, 96 S.Ct. at 902, 47 L.Ed.2d at 33. This analysis requires consideration of three distinct factors: (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used and the possible value, if any, of additional or substitute procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substi-

tute procedural requirements would entail. *Id.* at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33.

■ It is necessary that we set forth the procedure at issue in the present case before applying the above balancing test. Section 28–35–20 provides as follows:

"Pretrial conference.—Before any case shall proceed to hearing, the commissioner shall conduct a pretrial conference with a view to expediting the case and reducing the issues in dispute to a minimum, notice of which shall be sent by the administrator to the parties or to their attorneys of record. The conference shall be informal and any statement then made by either party shall in the absence of agreement be without prejudice, but any agreement then made shall be binding.

"At any time prior to the pre-trial conference the parties shall submit to the workers' compensation commission medical reports and documentary evidence as described in § 28–35–10. The commissioner may make a preliminary determination as to the right of the employee to receive benefits and the commissioner's determination shall be binding until the decision is rendered. If after hearing and final adjudication, it is determined that the employee is not entitled to weekly compensation benefits, the employer or insurer shall be reimbursed from the second injury indemnity fund described in chapter 37 of this title, to the extent of any such payments to which there is no entitlement."

In determining whether the procedure outlined in the above statute comports with due process, we turn to a consideration of the first factor set forth in *Mathews*—the private interest affected by the official action. The Court in *Mathews* found that "[s]ince a recipient whose benefits are terminated is awarded full retroactive relief if he ultimately prevails, his sole interest is in the uninterrupted receipt of this source of income pending final administrative decision on his claim." *Id.* at 340, 96 S.Ct. at 905, 47 L.Ed.2d at 36. The employee ar-

gues in the present case that since § 28–35–20 provides for reimbursement, the private interest under *Mathews* is the interest of the employer or its insurance carrier in the uninterrupted use of its capital or reserves. The employer, in contrast, argues that the reimbursement provision is itself violative of due process. Although we leave discussion of that issue to a later part of this opinion, we do find it clear from a reading of *Mathews* that the availability of retroactive relief is a factor to be considered in assessing the potential injury to an employer or its insurance carrier under § 28–35–20.

Another element to be considered in assessing the impact of the pretrial procedure upon the private interest is the degree of potential deprivation. *Id.* at 341, 96 S.Ct. at 906, 47 L.Ed.2d at 37. The degree of deprivation in the present case is slight when compared to that of the welfare recipient in *Goldberg* and that of the Social Security disability recipient in *Mathews*. In the present case, employer's insurance carrier has been required to pay weekly compensation benefits to employee pending a final determination on employee's claim. This burden cannot reasonably be equated with the hardship imposed upon an individual welfare recipient whose benefits have been erroneously terminated, and it is clearly no worse than the hardship imposed upon the Social Security disability recipient in *Mathews*.

The length of a potential wrongful deprivation is also significant in assessing the impact upon the private interests. *Mathews*, 424 U.S. at 341, 96 S.Ct. at 906, 47 L.Ed.2d at 37. In *Mathews*, the Court was dealing with a possible delay of one year from the time that benefits were cut off until the time of a final decision following a hearing. Although the Court noted that the hardship on the terminated disability recipient may be significant, it nevertheless found that because of the availability of other sources of income, "there is less reason here than in *Goldberg* to depart from the ordinary principle, established by our

decisions, that something less than an evidentiary hearing is sufficient * * *." *Id.* at 343, 96 S.Ct. at 907, 47 L.Ed.2d at 38. In our opinion, the case before us presents even less justification for a full evidentiary hearing. Although § 28–35–20 has a clear impact upon private interests, the degree and duration of the possible deprivation does not rise, in and of itself, to the level of a denial of due process.

The second factor in the *Mathews* balancing equation requires a consideration of the fairness and reliability of the pretrial procedure and "the probable value, if any, of additional procedural safeguards." *Id.* Initially we note that § 28–35–20 provides for a hearing at which both parties are entitled to be represented by counsel. The statute also provides for the submission of medical reports and other documentary evidence. On the basis of this evidence, and the arguments of counsel, the commissioner may, in his discretion, make a preliminary determination concerning the right of the employee to receive benefits.

In our opinion the procedures provided for in § 28–35–20 are both fair and reliable. The determination of the commissioner in the present case was based primarily upon the consideration of medical reports. The Court in *Mathews* noted that "the decision whether to discontinue disability benefits will turn, in most cases, upon 'routine, standard, and unbiased medical reports by physician specialists.'" *Id.* at 344, 96 S.Ct. at 907, 47 L.Ed.2d at 38 (quoting *Richardson v. Perales,* 402 U.S. 389, 404, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842, 854 (1971)). Although questions of credibility and veracity may be factors in the ultimate assessment of disability, we are of the opinion that for purposes of making an initial determination of an employee's entitlement to compensation, the procedures set forth in § 28–35–20 are both fair and reliable.

In light of the clear purpose of the legislative enactment, we are not prepared to find that the possibility of error in this procedure is so great as to warrant additional or substitute procedures at the pretrial level. As employee points out, the result of allowing the parties to present and cross-examine witnesses at the pretrial hearing would essentially be to create an additional de novo evidentiary hearing. This is clearly not the result intended by the Legislature when it enacted § 28–35–20.

Finally, under *Mathews,* we look to the interest of the state and hence that of the public. The overriding public interest in the present case can be seen in the stated purpose of the statute. The statute provides for a pretrial conference to be conducted "with a view to expediting the case and reducing the issues in dispute to a minimum * * *." Section 28–35–20. The clear policy behind the statute thus is to promote the expeditious resolution of workers' compensation disputes. This procedure thereby allows a legitimately disabled employee to obtain benefits without a lengthy and perhaps burdensome delay and conversely prevents an undeserving petitioner from unjustly receiving compensation benefits.

Our Legislature has demonstrated similar concern for the welfare of the injured worker in providing that enforcement of any decree of the commission shall not be stayed pending appeal. Section 28–35–33.[2] In *Merchants Mutual Insurance Co. v. Newport Hospital,* 108 R.I. 86, 91, 272 A.2d 329, 331 (1971), this court commented upon the problems that the Legislature intended to alleviate through enactment of the no-stay provision.

"The injured worker was confronted with an even more acute problem when

2. General Laws 1956 (1979 Reenactment) § 28–35–33 was amended by P.L.1982, ch. 32, art. 1, § 10. Prior to that amendment an appeal by either party from a decree of a trial commissioner to the appellate commission did stay the enforcement of the decree. An appeal from a final decision of the appellate commission to this court did not operate as a stay. As a result of the 1982 amendment, the enforcement of a decree is no longer stayed by an appeal to the appellate commission.

the employer appealed. He did not receive his compensation promptly. At a time when he was unable to work and usually in need of medical attention with no income to support himself and his family, he was faced with what appeared to be a seemingly endless and costly litigation. As a result, either claims were abandoned or the injured worker was harassed into accepting an inadequate lump-sum settlement." *Id.*

Through the instant statute, the Legislature has obviously intended, inter alia, to address the same sort of evil. In the absence of this pretrial procedure, a deserving employee might be forced to wait many months before his claim is resolved after a full evidentiary hearing. We feel that the state's interest in guarding against such a scenario is a valid one.

After a consideration of all of the foregoing factors, we are convinced that the pretrial conference procedure provided for in § 28–35–20 does not violate employer's due-process rights. Under this statute, both sides are allowed to submit medical reports and other documentary evidence. Additionally, counsel for both sides are allowed to present their respective arguments to the trial commissioner. Furthermore, the effects of the statute are twosided. It is just as likely that a deserving employee may be denied benefits pending a full hearing as it is that an employer or its insurance carrier may be erroneously required to pay such benefits.

■ The employer also argues that the reimbursement provision of § 28–35–20 is a denial of due process because it mandates self-reimbursement from the second injury indemnity fund, a fund that is maintained by assessments from employers or their insurance carriers. We find this argument to be without merit. Initially, we are of the opinion that the constitutionality of § 28–35–20 does not hinge upon the fact that the Legislature has chosen to provide for reimbursement if after hearing and final adjudication it is determined that the employee is not entitled to any portion of the benefits he has received. Notwithstanding this conclusion, we also find that the reimbursement provision contained in the instant statute does not violate due process.

In *McAvoy v. H.B. Sherman Co.*, 401 Mich. 419, 258 N.W.2d 414 (1977), the Michigan Supreme Court addressed this issue in the context of ruling upon a challenge to the constitutionality of that state's no-stay-on-appeal statute. Unlike the situation in Rhode Island, the Michigan statute provides for reimbursement from the second injury fund upon a reduction or recision of an award by a final determination. In rejecting a claim that reimbursement from a second injury fund constitutes " 'self-reimbursement' and is therefore a confiscatory taking," the court stated that

"[t]he Second Injury Fund does not belong to the carriers. No employer or carrier has a direct or vested interest in the fund. Rather, the carriers and self-insured employers pay annual assessments to the fund. Once paid, these assessments become state or public monies. * * * Since the Second Injury Fund is a creature of the state, no property right would inure to the employers or carriers. Without a corresponding property right, it could not be maintained that the instant reimbursement provision constitutes a confiscatory taking without due process of law." *Id.* at 450–51, 258 N.W.2d at 423.

We embrace the rationale of the Michigan Supreme Court. Our second injury fund is maintained by payments from insurance carriers and self-insured employers that are based upon a percentage of gross premiums received or, in the case of self-insured employers, premiums that would have been paid. Section 28–37–13. The Legislature has expressly provided that these moneys shall be mingled and undivided. Section 28–37–1. Once these payments are made into the fund, therefore, they lose their identity as property of the individual carriers or employers. As the court reasoned in *McAvoy*, we are not pre-

pared to hold that reimbursement from this legislatively created fund in which moneys are mingled and undivided constitutes a confiscatory taking without due process of law.

 One final issue that we address is employer's contention that the commission must establish uniform procedures and standards to be followed prior to making a preliminary determination. Initially, we cannot say that § 28–35–20 provides an unworkable standard upon which a trial commission may make a preliminary determination. It is the intent of the Legislature that the pretrial conference shall be informal and that the trial commissioner shall be empowered to make a preliminary determination primarily on the basis of the medical evidence submitted by the parties. As employee points out, in the present case the trial commissioner weighed the evidence before him and concluded that it preponderated in favor of employee. We see neither reason nor justification to contravene the clear intent of the Legislature by imposing some higher standard upon an employee.

We do, however, agree with employer that uniform procedures should be established, within the bounds of the statute, to be followed by all commissioners. Section 28–30–12 empowers the commission to "adopt rules of procedure to secure a speedy, efficient, informal and inexpensive disposition of all proceedings * * *." Pursuant to this statutory authority, the commission should adopt uniform rules of procedure governing the manner in which pretrial conferences are conducted. We note that the Legislature intended that pretrial conferences be conducted informally, and we in no way suggest that the procedures adopted by the commission should limit the ability of a trial commissioner to attempt informally and expeditiously to resolve disputes that come before him pursuant to § 28–35–20. Rather, the commission should adopt procedures governing the manner in which conferences are conducted that are consistent with that statute and

that delineate the catagories of evidence that a trial commissioner may consider. Since the Legislature clearly intended to provide an informal mechanism by which disputes may be expeditiously resolved or narrowed in scope prior to a full evidentiary hearing, the procedures adopted by the commission should not include the presentation and cross-examination of witnesses.

Upon a careful review of the record, we find the employer's other arguments to be without merit.

For the reasons stated, the employer's petition for certiorari is denied, the writ previously issued is hereby quashed, the order of the Workers' Compensation Commission is affirmed, and the case is remanded to the Workers' Compensation Commission for further proceedings consistent with this opinion.