Hinkle, J.
Plaintiff National Union Fire Insurance Company seeks restitution in the amount of $18,658 from defendant Acton Chiropractic, Inc. (“Chiropractic”) and co-defendant Ernest Courville for overpayment of workers’ compensation benefits. Because plaintiff paid those benefits pursuant to an administrative order which was later reversed, plaintiff claims Chiropractic was unjustly enriched as a matter of law.[2]
This matter is before the court on plaintiff s motion for summary judgment. For the following reasons, after a hearing, the motion is DENIED.

BACKGROUND

Courville, a former employee of Cumberland Farms, Inc., was injured in an accident at work on September 25, 1989. His claim for indemnity benefits was settled by a lump sum payment accepted July 31, 1992. On November 27, 1996, Courville filed a claim with the Department of Industrial Accidents on behalf of Chiropractic, seeking payment for unpaid medical expenses for treatment from July 9, 1991 through November 26, 1997 and for future treatment. On May 8, 1997, Administrative Judge Stephen M. Sumner filed a conference order requiring payment for Courville’s past and future chiropractic treatment. In compliance with the order, on May 12, 1997 plaintiff paid Chiropractic directly for its past services and commenced payment for future care. At that time, plaintiff notified Chiropractic that it contested the payments on the ground that the chiropractic treatments were unrelated to Courville’s 1989 accident. Plaintiff recommended that Chiropractic place the disputed funds in escrow pending final resolution of the claim.[3]
On or about December 21, 1998 Judge Sumner reversed his conference order after an evidentiary hearing. He denied Courville’s claim for medical benefits from July 21, 1994 through December 17, 1998. His decision was affirmed by a Reviewing Board on March 3, 2000.[4]

DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
In support of its motion, plaintiff relies on Section 74 of the Restatement of Restitution (1937), on United States v. Bell, 818 F.Sup. 444, 449 (D.Mass. 1993), and on a Rhode Island case, Merchants Mut. Ins. Co. v. Newport Hospital, 108 R.I. 86 (1972). I am unpersuaded by this authority that plaintiff is entitled to judgment as a matter of law on the record before me.
*47 I turn first to Section 74 of the Restatement of Restitution. That section states that a “person who has conferred a benefit upon another in compliance with a judgment... is entitled to restitution if the judgment is reversed or set aside.” However, Massachusetts has not adopted Section 74. See Keller v. O’Brien, 425 Mass. 774, 781 (1997) ("While we have not done so, some courts have ordered restitution where a judgment has been reversed after a party has been ordered by a court to make payment to another, and the judgment has been paid. See Restatement of Restitution §74 [1937]”) (emphasis added). Because our appellate courts have not adopted Section 74,1 decline plaintiffs invitation to use it as authority for judgment as a matter of law.
Plaintiffs reliance on United States v. Bell, 818 F.Sup. 444, 449 (D.Mass. 1993), is also misplaced. In Bell, both parties sought judgment as a matter of law upon a stipulated record. Here, the question of whether there has been unjust enrichment depends on disputed facts, including but not necessarily limited to whether it is unjust for Chiropractic to retain the payments.
Plaintiff also relies on a Rhode Island case which permitted an insurer to seek restitution from medical providers following reversal of a Commission decision, Merchants Mutual Insurance Company v. Newport Hospital, 108 R.I. 86 (1972). This case is inapposite. In Merchants, the applicable statute prohibited employers from seeking restitution from employees for over-payments “regardless of the outcome” of an appeal. See R.I.G.L. 1956, §28-35-33. Our statute does not contain such language.

ORDER

For the foregoing reasons, the plaintiffs motion for summary judgment is DENIED.

 The complaint is in two counts: unjust enrichment as to Chiropractic (Count I) and as to Courville (Count II).

 There is no information before me as to whether an escrow was established.

 The appeal of this decision is currently pending in the Appeals Court.