Hinkle, J.
In this action, plaintiff National Union Fire Insurance Company seeks restitution in the amount of $18,658 from co-defendants Acton Chiropractic, Inc. (“Chiropractic”) and Ernest Courville for overpayment of workers’ compensation medical benefits for chiropractic treatment. The overpayment was made under an interim administrative order which was later reversed.
This matter is before the court on defendants’ motions for summary judgment based on G.L.c. 152, § 1 ID.[2] Plaintiff opposes the motions, arguing that the statute does not bar its action for restitution. For the following reasons, after a hearing, the motions are DENIED.*
BACKGROUND
Courville, a former employee of Cumberland Farms, Inc., was injured in an accident at work on September 25, 1989. His claim for indemnity benefits was settled by a lump sum payment accepted July 31, 1992. On November 27, 1996, Courville filed a claim with the Department of Industrial Accidents on behalf of Chiropractic, seeking payment for unpaid medical expenses for treatment from July 9, 1991 through November 26, 1997 and for future chiropractic treatment. On May 8, 1997, Administrative Judge Stephen M. Sumner filed a conference order directing plaintiff to pay Courville’s past and future chiropractic treatment. In compliance with the order, on May 12, 1997 plaintiff paid Chiropractic directly for its services and commenced payment for future care. At that time, plaintiff notified Chiropractic that it contested those chiropractic payments and recommended that the disputed funds be placed in escrow pending final resolution of the claim.[3]
On or about December 21, 1998, after an evidentiary hearing Judge Sumner reversed his conference order. He denied Courville’s claim for medical benefits from July 21, 1994 through December 17, 1998 on the ground that the continued chiropractic care was not reasonable. This decision was affirmed by a reviewing board on March 3, 2000. Courville appealed the reviewing board’s decision to the Appeals Court, which denied his appeal on March 23, 2001.
DISCUSSION
Summary judgment is granted where there are no issues of genuine material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Here, the parties dispute whether, as a matter of law, G.L.c. 152, §11D(3) bars plaintiffs current action.
The statute provides in relevant part:
An insurer that has paid compensation pursuant to a conference order shall, upon receipt of a decision of an administrative judge or a court of the commonwealth which indicates that overpayment has been made be entitled to reduction of weekly benefits, by no more than thirty percent per week, of any remaining compensation owed the plaintiff. Where overpayments have been made that cannot be recovered in this manner, recoupment may be ordered pursuant to the filing of a complaint pursuant to section ten or by bringing an action against the employee in superior court.
The question before me is whether this language bars plaintiff from seeking restitution under the statute for over payments made to a medical provider. The *178 parties state that this is a matter of first impression in the Commonwealth. The dispute centers on whether, under the language of §11D(3) “compensation” includes medical benefits and whether overpayment of medical benefits may be recouped under the statute[4] from either the employee or a provider of medical services.
Chiropractic argues that plaintiff may not recover for medical overpayments because it was not an “employee” under the statute and because it did not receive “compensation.” Courville contends that plaintiff may not recover from him for overpayment of medical benefits because the statute limits recoupment to overpayment of weekly wages. Plaintiff argues that because the statute is silent as to medical benefits, plaintiff may recoup such overpayment from either the medical provider or the employee.
Since the statute itself does not clarify the meaning of “compensation," its legislative history is instructive in interpreting the applicable language.
G.L.c. 152, §11D(3) was inserted in the 1991 Reform Act. The insurance recovery provisions in the statute were new and a variation on provisions the Legislature eliminated in 1985. Before 1985, an insurer could seek recoupment from the state treasurer, who would attempt recovery from the employee. Specifically, under St. 1971, c. 974 §7, recoupment included “weekly payments.” In 1979, the Legislature added the phrase “medical or hospital bills” following “weekly payments” in §7 St. 1979, c. 483.
In 1985 the Legislature undertook a complete overhaul of G.L.c. 152. The final bill, c. 572, §18, eliminated the recoupment provisions in the former §7. Because there was no longer any statutory right to recoupment, the Reviewing Board of the Department of Industrial Accidents determined that administrative judges could allow or deny recoupment under their equitable powers. See Brown v. Highland House Apartments, 12 Mass. Workers’ Comp. Rep. 322, 323-26 (1998), and cases cited therein.
The 1991 revision of c. 152 contains a new §11D, which deals with employee earnings reports and insurer recoupment of overpayments. The original Senate bill, S64, contained nothing resembling §11D(3). S64, §13. The recoupment provisions which resembled the former §7 were contained in H6357 and the Governor’s bill, H5609. The Legislature eventually passed the Governor’s version of §11D(2) and 11D(3). St. 1991, c. 398, §32. (See the discussion in Connolly v. Wire and Metal Separation Systems, 6 Mass. Workers’ Comp. Rep. 241, 258-64 [1992].) None of the versions of the new §11D contained the phrases “weekly payments” or “medical or hospital bills,” using instead the terms “compensation” and “overpayments.” Thus, by its failure to include the House reference to medical bills, the Legislature appears not to have intended “compensation" to include medical benefits in §11D(3).
Thus, the legislative history does not provide a basis for construing “compensation” to include medical benefits or anything other than weekly wages. This interpretation is supported by the fact that other sections of the Workers’ Compensation Act expressly distinguish between “compensation” and “other benefits,”[5] showing that the Legislature does not always intend “compensation” in the Act to be broadly construed.
In Douglas B. Boardman's Case, 365 Mass. 185, 192 (1974), the Supreme Judicial Court held that medical benefits were part of “compensation” under G.L.c. 152, §28. In Boardman, which preceded the 1985 revision of G.L.c. 152, the Court determined that medical payments to the employee must be doubled where the employer’s conduct was willful.
The Reviewing Board of the Department of Industrial Accidents (the “Board”), to which this Court gives deference, has distinguished Boardman. In a case in which the history of a different section of the Act (G.L.c. 152, §8(1]) indicated a legislative intent to exclude medical benefits from compensation, the Board declined to assess penalties for late payment of medical benefits. See Epifanio Diaz v. Western Bronze Co., 9 Mass. Workers’ Comp. Rep. 528, 531 (1995). In distinguishing Diaz from Boardman, the Board found that in redrafting G.L.c. 152, §8(1), the Legislature “started with a statute that attached penalties to the late payment of ‘all benefits due to an employee under this Chapter,’ ” and changed the wording to “all payments due an employee.” (Emphasis added.) The Board also noted that in the enacted statute, the penalty is payable to the employee to whom such payments are due, while an earlier version provided that the penalty was to be payable to the party to whom such payments were due. (Emphasis added.) The Board found that these changes in the language of the statute indicated the Legislature’s intent to narrow the definition of “compensation” to exclude direct payments to a medical provider. Consequently, the Board found that the Legislature did not intend §8(1) time constraints to apply to providers of medical services.
The Board found this reasoning consistent with Boardman’s Case, because Boardman had included medical benefits as a “distinct subset” of compensation. Diaz at 532. Therefore, the Board determined, medical benefits could be excluded from “compensation” where the legislative history indicated such an intent. The reasoning of Diaz applies here.
Therefore, I decline to read into §11D(3) any intention on the Legislature’s part to have a medical provider or an employee bear the cost of payments for medical services provided under an order which is later reversed. However, nothing in the language or legislative history of G.L.c. 152, c. 11D prohibits an insurer from attempting to recoup overpayments of medical benefits from an employee or a provider of medical services under a claim of unjust enrichment.
*179 ORDER
For the foregoing reasons, defendants’ motions for summary judgment are DENIED.

 Editor’s Note: For an earlier opinion in this case denying a summary judgment motion based on a claim of restitution, see National Union Fire Ins. Co. v. Acton Chiropractic, Inc., 13 Mass. L. Rptr. No. 2, 46 (May 21, 2001) (Restatement of Restitution, Section 74, providing that a payment in compliance with a later reversed judgment must be repaid, has not been adopted in Massachusetts).

 Plaintiffs motion for summary judgment was denied by this court in a March 14, 2001 Memorandum of Decision (13 Mass. L. Rptr. 46).

 There is no information before me as to whether an escrow was established.

 Plaintiff also has alleged an equitable claim for unjust enrichment.

 See G.L.c. 152, §10(4)(a), (b); §10A(2)(a)(b).